1

LARS T. FULLER (No. 141270)
SAM TAHERIAN (No. 170953)
THE FULLER LAW FIRM, P.C.
60 No. Keeble Ave.
San Jose, CA 95126
Tel: (408)295-5595

**The following constitutes**
**the order of the court. Signed December 16, 2014**

*Stephen Johnson*

**Stephen L. Johnson**
**U.S. Bankruptcy Judge**

Attorneys for Debtors

2

3

4

5

6

7

8                       U.S. BANKRUPTCY COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11  | In re:                          ) Case No.: 13-56315-SJ
                                     )
12  | CAMILO C. CALINAWAN             ) CHAPTER 11
    | ELSIDA L. CALINAWAN             )
13  |                                 ) **ORDER CONFIRMING PLAN OF**
    |        Debtors                  ) **REORGANIZATION DATED OCT 9, 2014**
14  |                                 )
                                     ) Date:   Dec. 4, 2014
15  |                                 ) Time:   1:30 p.m.
                                     ) Court:  3099
16  |                                 )
                                     )
17  |                                 )

18          Debtors Camilo C. Calinawan and Elsida L. Calinawan's hearing for approval and

19  confirmation of their Combined Plan of Reorganization and Disclosure Statement dated Oct. 9,

20  2014 pursuant to Chapter 11 of the United States Bankruptcy Code came on for hearing on Dec.

21  4, 2014.  Lars T. Fuller appeared for Debtors.  Debtors were present.  John Wesolwoski appeared

22  for the Office of the United States Trustee.  All other appearances were noted on the record.

23          All objections having been resolved by stipulation, it appearing that (1) all creditors have

24  been duly noticed; (2) the Plan has been proposed in good faith and not by any means forbidden

25  by law; (3) the Plan complies with the applicable provisions of Chapter 11 of the United States

Bankruptcy Code; (4) each holder of a claim or interest has accepted the Plan or will receive not less than such holder would receive in a Chapter 7; (5) that 100% in number and 100% in amount of all voting claimants in at least one impaired class accepted the Plan; (6) that the General Unsecured Class voted to Accept the Plan,

IT IS HEREBY ORDERED THAT the Plan filed by Debtors Camilo C. Calinawan and Elsida L. Calinawan's is hereby confirmed.

Upon completion of payments to general unsecured creditors pursuant to the terms of the Plan, Debtors Camilo C. Calinawan and Elsida L. Calinawan's will be discharged from all dischargeable debts. When entered, the discharge will

1.      operate as an injunction against the commencement or continuation of any action, the employment of process, or any act, to collect or recover from, or offset any such debt as a personal liability of the Debtors, or from property of the Debtors, whether or not discharge of such debt has been waived;

2.      void any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the Debtors with respect to any debt discharged under 11 U.S.C. §1141, whether or not discharge of such debt is waived; and

3.      operate an in injunction against the commencement or continuation of an action, the employment of process, or any act to collect or recover from, or offset against property, property of the Debtors of the kind specified in section 541(a)(2) of the Bankruptcy Code that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge.

4.      A hearing on final decree shall be set on the Court's Final Accounts calendar on or before March 31, 2014.

5. The terms of the following stipulations, copies of which are attached hereto and incorporated herein by this reference are part of the Plan and in the event of any contradiction between the Plan and the stipulation, the stipulation shall control.

| Class | Lender | Property | Docket No. | Exh. No. |
|-------|--------|----------|-----------|----------|
| 10 | BNY Mellon | 202 E. Alisal | 225 | 1 |
| 11 | Nationstar Mortgage, LLC | 332 Boronda Salinas, CA | 178 | 2 |
| 12 | BNY Mellon | 516 Santa Maria, Salinas, CA | 207 | 3 |
| 13 | U.S. Bank as Ttee | 540 Frances, Salinas, CA | 147 | 4 |
| 14 | Nationstar Mortgage, LLC | 542 Sunrise Salinas, CA | 203 | 5 |
| 15 | BNY Mellon | 546 Francis Salinas, CA | 214 | 6 |
| 18 | WFB | 713 E. market Salinas, CA | 140 | 7 |
| 19 | Deutsche Bank as Ttee | 715 E. Market, Salinas, CA | 177 | 8 |
| 20 | Nationstar Mortgage, LLC | 728 Jefferson Salinas, CA | 242 | 9 |
| 21 | BNY Mellon as Tttee | 781 Gee St. Salinas, CA | 161 | 10 |
| 23 | Nationstar Mortgage, LLC | 1150 E. Laurel, Salinas, CA | 240 | 11 |

6. The terms of the following stipulations resolving the objections to confirmation, copies of which are attached hereto and incorporated herein by this reference are part of the Plan and in the event of any contradiction between the Plan and the stipulation, the stipulation shall control.

| Class | Lender | Property | Docket No | Exh. No. |
|-------|--------|----------|-----------|----------|
| 1 | BNY Mellon | 18 Lunsford Salinas, CA | 282 | 12 |
| 2 | BNY Mellon | 104 East Bernal Salinas, CA | 279 | 13 |

| | | | | |
|---|---|---|---|---|
| 5 | One West Bank | 21449 Riverview Ct. Salinas, CA | 280 | 14 |
| 17 | BNY Mellon | 644 Towt Salinas, CA | 278 | 15 |
| 27 | BNY Mellon | 1146 E. Laurel Salinas, CA277 | 277 | 16 |

**END OF ORDER**

1

COURT SERVICE LIST

2 No parties to be served.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| 1 | JaVonne M. Phillips, Esq. SBN 187474 |
|---|---|

1    JaVonne M. Phillips, Esq. SBN 187474
2    Kelly M. Raftery, Esq. SBN 249195
     **McCarthy & Holthus, LLP**
3    1770 Fourth Avenue
     San Diego, CA 92101
4    Phone (877) 369-6122
     Fax (619) 685-4810
5

6    Attorneys for Secured Creditor, Bank of New York Mellon, f/k/a Bank of New York, as Trustee,
     on behalf of the registered holders of Alternative Loan Trust 2007-OA6, Mortgage Pass-Through
7    Certificates Series 2007-OA6, its assignees and/or successors, by and through its servicing agent
8    Select Portfolio Servicing, Inc.

9

10

11                 UNITED STATES BANKRUPTCY COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                      SAN JOSE DIVISION

14    In re:                        ) Case No. 13-56315 SLJ
                               )
15    Camilo C. Calinawan,         ) Chapter 11
16    Elsida L. Calinawan,         )
                               )
17            Debtors.          ) **STIPULATION FOR PLAN TREATMENT**
18                                ) **ON FIRST LIEN SECURED BY REAL**
                               ) **PROPERTY LOCATED AT 202 E.**
19                                ) **ALISAL STREET, SALINAS, CA 93901**
20                                )
                               ) [no hearing]
21                                )
                               )
22                                ) Judge: Stephen L. Johnson
23                                )
24                                )
25                                )
26                                )
27                                )
28                                )
29                                )

1    Bank of New York Mellon, f/k/a Bank of New York, as Trustee, on behalf of the
2 registered holders of Alternative Loan Trust 2007-OA6, Mortgage Pass-Through Certificates
3 Series 2007-OA6, its assignees and/or successors, by and through its servicing agent Select
4 Portfolio Servicing, Inc. ("Secured Creditor") and Debtors, Camilo C. Calinawan and Elsida L.
5 Calinawan ("Debtors"), by and through their attorneys of record, now enter into the below
6 stipulation to resolve and agree to plan treatment of the real property commonly known as 202 E.
7 Alisal Street, Salinas, CA 93901.

8

9                                     **RECITALS**

10    A. On or about January 4, 2007, Camilo Calinawan, for valuable consideration, made,
11       executed and delivered a Note secured by a First Deed of Trust both in the amount of
12       $525,000.00 on the property commonly known as 202 E. Alisal Street, Salinas, CA
13       93901 ("Alisal Property").

14    B. On or about December 9, 2013, Debtors filed a voluntary petition under Chapter 11 of the
15       Bankruptcy Code in the United States Bankruptcy Court, Northern District of California.

16    C. The parties have conferred and agreed upon the treatment of SPS's first lien secured by
17       the Alisal Property for purposes of Debtors' Chapter 11 Plan and those terms are
18       reflected below.

19

20                **THE PARTIES HERETO STIPULATE AND AGREE AS FOLLOWS:**

21    1. SPS holds a fully secured first lien on the Alisal Property which is approximately
22       $249,891.55 and will be paid in accordance with the loan modification agreement dated
23       January 1, 2013 and attached hereto as **Exhibit 1**.

24    2. The maturity date of the loan will be February 1, 2037, and all amounts still outstanding
25       and owing as of February 1, 2037 will be due in full on the maturity date.

26    ///

27    ///

28    ///

29    ///

                                          2

3. SPS will continue to impound this loan for taxes and insurance related to the Alisal Property and charge a monthly escrow payment in addition to Debtors' monthly principal and interest payment. Debtors are obligated to make the monthly escrow payment in addition to principal and interest payments. The current escrow payment is $313.17. Debtors understand that this amount may vary from year to year.

4. Payments shall be made directly to SPS at Select Portfolio Servicing, Inc., PO Box 65450, Salt Lake City, UT 84165-0450, with reference to the last four digits of the Loan Number 9326, or as otherwise directed.

5. SPS has relief from the automatic stay as to the Alisal Property upon confirmation of Debtors' Chapter 11 Plan.

6. Beginning on September 1, 2014, Debtors will continue to make their regular monthly payment of $1,480.43, consisting of principal and interest of $1,123.97 + $356.46 escrow (taxes and insurance).

7. On or before September 1, 2014, Debtors will pay SPS $14,544.56 (November 1, 2013 - August 1, 2014 at $1,437.14 per month) from their cash collateral derived from rental proceeds associated with the Alisal Property to bring the loan contractually current through August 2014.

8. All terms of the Deed of Trust, Note, and January 1, 2013 loan modification agreement will remain in full force and effect.

9. Debtors may use cash collateral funds collected each month over and above $1,480.43, per month.

11. Debtors agree to incorporate the above agreed terms of lien treatment into any and all existing and future proposed Chapter 11 Plans and, if any terms in Debtors' Chapter 11 Plan conflict with the terms of this stipulation, the stipulation terms will control. In the event that Debtors' Chapter 11 Plan does not reflect the language of this stipulation it will be incorporated into the confirmation by attachment or reference.

12. SPS agrees to vote for Debtors' Chapter 11 Plan provided it reflects the agreed plan treatment contained in this stipulation, or the terms of the stipulation are incorporated into the confirmation order by exact language or reference.

3

13. If this Chapter 11 bankruptcy is dismissed or converted to another chapter under title 11, SPS's lien shall remain a valid secured lien for the full amount due under the original Promissory Note and all payments received under this agreement will be applied contractually under the original terms of the Deed of Trust and original Promissory Note.

IT IS SO STIPULATED:

Dated: 7-17-14

_____
Lars T. Fuller, Esq.
Attorney for Debtors,
Camilo C. Calinawan and
Elsida L. Calinawan

Dated: 7/17/2014

/s/ Kelly M. Raftery
_____
Kelly M. Raftery, Esq.
McCarthy & Holthus, LLP
Attorney for Bank of New York Mellon,
f/k/a Bank of New York, as Trustee, on
behalf of the registered holders of
Alternative Loan Trust 2007-OA6,
Mortgage Pass-Through Certificates Series
2007-OA6, its assignees and/or successors,
by and through its servicing agent Select
Portfolio Servicing, Inc.

4

```
 1   Alan Steven Wolf, Bar No. 94665
     Daniel K. Fujimoto, Bar No. 158575
 2   THE WOLF FIRM
     A Law Corporation
 3   2955 Main Street, 2nd Floor
     Irvine, CA 92614
 4   Telephone:   (949) 720-9200
     Facsimile:   (949) 608-0128
 5
     Attorneys for Creditor, Nationstar Mortgage LLC
 6

 7

 8                   UNITED STATES BANKRUPTCY COURT

 9                   NORTHERN DISTRICT OF CALIFORNIA

10

11   In re:                              Case No. 13-56315-SLJ

12   Camilo C. Calinawan aka Mel Calinawan    Chapter 11
     dba Cali-Allen Properties and Elsida L.
13   Calinawan aka Elsie Calinawan,      STIPULATION REGARDING VALUATION
                                         AND TREATMENT OF SECURED CLAIM OF
14               Debtors.                NATIONSTAR MORTGAGE LLC(332 Boronda
                                         Road, Salinas, CA 93907)
15

16
```

17      Secured Creditor Nationstar Mortgage LLC("Nationstar") and Debtors and Debtors-in-

18  Possession Camilo C. Calinawan and Elsida L. Calinawan stipulate and agree by and

19  through their attorneys of record as follows:

20      WHEREAS, Nationstar is the current holder of a promissory note dated December 1,

21  2006 in the original principal amount of $525,000.00 executed by Debtor Camilo Calinawan

22  (the "Note.")  The Note is secured by a first position deed of trust held by Nationstar ("Deed

23  of Trust") and recorded against the Debtors' real property located at 332 Boronda Road,

24  Salinas, CA 93907 (the "Boronda Property") on December 8, 2006 as document no.

25  2006108029. True and correct copies of the Note, Deed of Trust, and Assignment of Deed

26  of Trust are attached hereto as Exhibits "1," "2," and "3," respectively.

27      WHEREAS, Debtors filed their Chapter 11 petition on December 9, 2013.

28      WHEREAS, on December 18, 2013, Debtors filed a motion seeking to value the

Boronda Property at $175,000 as Docket No. 41.

WHEREAS, Debtors and Nationstar filed a Stipulation to Extend Deadline to Respond to Debtors' Motion to Value Collateral on January 9, 2014.

WHEREAS, Debtors have not yet filed a Chapter 11 Plan and Disclosure Statement.

WHEREAS, Nationstar and Debtors have resolved their differences and desire to memorialize the valuation of the Boronda Property and the treatment of Nationstar's claim.

NOW THEREFORE, Nationstar and Debtors agree as follows:

1. The terms set forth herein shall constitute the treatment of Nationstar's secured claim in any Chapter 11 Plan of Reorganization and any Disclosure Statement describing such Chapter 11 Plan filed by the Debtors, and shall be incorporated *in haec verba* therein.

2. The terms of the Note and Deed of Trust, except as expressly modified herein, shall continue in force and effect, and shall be incorporated into any Chapter 11 Plan that is ultimately confirmed in this case.

3. The Debtors shall be responsible for payment of all property taxes and homeowner's insurance premiums in connection with the Boronda Property, and shall timely pay such taxes and insurance pursuant to an escrow account with Nationstar as part of the monthly payment pursuant to the Note and Deed of Trust.

4. The automatic stay of 11 U.S.C. §362(a) shall terminate as to Nationstar, its successors and assigns, upon entry of any order confirming a Chapter 11 Plan in this case.

5. Nationstar shall have a secured claim in the amount of $237,500.00 that will be treated as an allowed secured claim and repaid with interest at the rate of 5.25% per annum, fully amortized over 30 years, with payments commencing July 1, 2014 and continuing on the first day of each subsequent month until paid in full on or before June 1, 2044. Nationstar will retain its security interest in the Property until the secured claim is paid in full per the terms of the Note and Deed of Trust as modified by this Stipulation. The monthly principal and interest payments under the Plan will be $1,311.48, plus escrow,

2

which is currently $304.62 but which is subject to change, for a total monthly payment of $1,616.10.

6.     In addition, Debtors will cure post-petition non-escrowed advances for property taxes and property insurance in the total amount of $9,089.90 in monthly payments of $378.75 commencing on July 1, 2014, and continuing through June 1, 2016.

7.     The remaining portion of Nationstar's claim will be treated as a general unsecured claim.

8.     The terms of this Stipulation shall not be modified or changed by any subsequent plan or confirmation order entered in this case, unless agreed to in writing by Nationstar and Debtors.

9.     If the Debtors fail to fully perform any provision, term, or condition of this Stipulation in a timely manner, then the Debtors shall be in default under this Stipulation. In the event that Nationstar asserts a default by the Debtors, then the terms of the Note and Deed of Trust will control, notwithstanding any contrary provisions in any confirmed Plan.

10.     If Debtors' case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, then Nationstar shall retain its lien in the full amount due under the Note and Deed of Trust and this Stipulation shall be null and void.

11.     If Debtors sell or transfer the Boronda Property prior to confirmation of a Chapter 11 Plan, then Nationstar shall be entitled to proceeds from the sale in the full amount of the outstanding balance then owed under the original terms of the Note and Deed of Trust. If the proposed sale of the Boronda Property is for an amount less than the full amount of the outstanding balance then owed under the original terms of the Note and Deed of Trust, then Debtors must first obtain Nationstar's written consent.

12.     Entry into this Stipulation shall not constitute a waiver of any of Nationstar's rights with regards to any other claims Nationstar may hold against Debtors in this bankruptcy case.

3

13.     The provisions of this Stipulation are binding upon and inure to the benefit of Nationstar, the Debtors and their estate, and the respective successors and assigns of each of the foregoing.

Dated: March 24, 2014                    THE WOLF FIRM, A Law Corporation


By:  /s/ Daniel K. Fujimoto_____
     Daniel K. Fujimoto
     Attorneys for Creditor, Nationstar Mortgage
     LLC

Dated: March 3/ , 2014                   The Fuller Law Firm


By: _____
     Lars T. Fuller, Esq.
     Attorneys for Debtors, Camilo C. Calinawan
     and Elsida L. Calinawan

4

1  Alan Steven Wolf, Bar No. 94665
   Daniel K. Fujimoto, Bar No. 158575
2  THE WOLF FIRM
   A Law Corporation
3  2955 Main Street, 2nd Floor
   Irvine, CA 92614
4  Telephone:   (949) 720-9200
   Facsimile:   (949) 608-0128
5
   Attorneys for Creditor, The Bank of New York
6  Mellon fka The Bank of New York Successor
   Trustee to JPMorgan Chase Bank, N.A., as
7  Trustee for the Structured Asset Mortgage
   Investments II Trust, Mortgage Pass-Through
8  Certificates, Series 2006-AR7

9                  UNITED STATES BANKRUPTCY COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12 | In re:                                  | Case No. 13-56315-SLJ

13 | Camilo C. Calinawan aka Mel Calinawan   | Chapter 11
   | dba Cali-Allen Properties and Elsida L. |
14 | Calinawan aka Elsie Calinawan,          | STIPULATION REGARDING VALUATION
                                             | AND TREATMENT OF SECURED CLAIM OF
15 |          Debtors.                       | THE BANK OF NEW YORK MELLON FKA
                                             | THE BANK OF NEW YORK SUCCESSOR
16                                           | TRUSTEE TO JPMORGAN CHASE BANK,
                                             | N.A., AS TRUSTEE FOR THE STRUCTURED
17                                           | ASSET MORTGAGE INVESTMENTS II
                                             | TRUST, MORTGAGE PASS-THROUGH
18                                           | CERTIFICATES, SERIES 2006-AR7(516,
                                             | 516A, 518, 518A Santa Maria Street, Salinas,
19                                           | CA 93908)

20

21        Secured Creditor The Bank of New York Mellon fka The Bank of New York

22  Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset

23  Mortgage Investments II Trust, Mortgage Pass-Through Certificates, Series 2006-AR7

24  ("BNYM") and Debtors and Debtors-in-Possession Camilo C. Calinawan and Elsida L.

25  Calinawan stipulate and agree by and through their attorneys of record as follows:

26        WHEREAS, BNYM is the current holder of a promissory note dated July 21, 2006 in

27  the original principal amount of $490,000.00 executed by Debtor Camilo Calinawan (the

28  "Note.")  The Note is secured by a first position deed of trust held by BNYM ("Deed of

Trust") and recorded against the Debtors' real property located at 516, 516A, 518, 518A Santa Maria Street, Salinas, CA 93908 (the "Santa Maria Property") on August 3, 2006 as document no. 2006068277.

WHEREAS, Debtors filed their Chapter 11 petition on December 9, 2013.

WHEREAS, BNYM filed a Proof of Claim as Claim 4-1 on February 18, 2014 in the amount of $563,393.30, a true and correct copy of which is attached as Exhibit "1" and incorporated herein.

WHEREAS, on January 22, 2004, Debtors filed a motion seeking to value the Santa Maria Property at $259,000 as Docket No. 105.

WHEREAS, Debtors have not yet filed a Chapter 11 Plan and Disclosure Statement.

WHEREAS, BNYM and Debtors have resolved their differences and desire to memorialize the valuation of the Santa Maria Property and the treatment of BNYM's claim.

NOW THEREFORE, BNYM and Debtors agree as follows:

1.   The terms set forth herein shall constitute the treatment of BNYM's secured claim in any Chapter 11 Plan of Reorganization and any Disclosure Statement describing such Chapter 11 Plan filed by the Debtors, and shall be incorporated *in haec verba* therein.

2.   The terms of the Note and Deed of Trust, except as expressly modified herein, shall continue in force and effect, and shall be incorporated into any Chapter 11 Plan that is ultimately confirmed in this case.

3.   The Debtors shall be responsible for payment of all property taxes and homeowner's insurance premiums in connection with the Santa Maria Property, and shall timely pay such taxes and insurance as they come due. Should Debtors fail to maintain insurance coverage or fail to timely pay property taxes, then BNYM may elect to obtain insurance coverage and/or pay the property taxes, and to impound the loan for repayment of these advances, as provided for by the Deed of Trust.

4.   The automatic stay of 11 U.S.C. §362(a) shall terminate as to BNYM, its successors and assigns, upon entry of any order confirming a Chapter 11 Plan in this case.

2

Case: 13-53815   Doc# 27   Filed: 05/06/14   Entered: 05/06/14 15:09:34   Page 15 of 69

5. BNYM shall have a secured claim in the amount of $315,000.00 that will be treated as an allowed secured claim and repaid with interest at the rate of 5.00% per annum, fully amortized over 30 years, with payments commencing July 1, 2014 and continuing on the first day of each subsequent month until paid in full on or before June 1, 2044. BNYM will retain its security interest in the Property until the secured claim is paid in full per the terms of the Note and Deed of Trust as modified by this Stipulation. The monthly principal and interest payments under the Plan will be $1,690.99.

6. The remaining portion of BNYM's claim will be treated as a general unsecured claim.

7. BNYM waives its right to make the §1111(b) election to have its entire claim treated as a secured claim for the purposes of plan confirmation.

8. BNYM will vote in favor of the Debtor's Chapter 11 Plan as to both its secured and unsecured claims with regards to the Santa Maria Property.

9. The terms of this Stipulation shall not be modified or changed by any subsequent plan or confirmation order entered in this case, unless agreed to in writing by BNYM and Debtors.

10. If the Debtors fail to fully perform any provision, term, or condition of this Stipulation in a timely manner, then the Debtors shall be in default under this Stipulation. In the event that BNYM asserts a default by the Debtors, then the terms of the Note and Deed of Trust will control, notwithstanding any contrary provisions in any confirmed Plan.

11. If Debtors' case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, then BNYM shall retain its lien in the full amount due under the Note and Deed of Trust and this Stipulation shall be null and void.

12. If Debtors sell or transfer the Santa Maria Property prior to confirmation of a Chapter 11 Plan, then BNYM shall be entitled to proceeds from the sale in the full amount of the outstanding balance then owed under the original terms of the Note and Deed of Trust. If the proposed sale of the Santa Maria Property is for an amount less than the full amount

3

of the outstanding balance then owed under the original terms of the Note and Deed of
Trust, then Debtors must first obtain BNYM's written consent.

13.     Entry into this Stipulation shall not constitute a waiver of any of BNYM's rights
with regards to any other claims BNYM may hold against Debtors in this bankruptcy case.

14.     The provisions of this Stipulation are binding upon and inure to the benefit of
BNYM, the Debtors and their estate, and the respective successors and assigns of each of
the foregoing.


Dated: April 9, 2014                              THE WOLF FIRM, A Law Corporation


                                                  By: /s/ Daniel K. Fujimoto
                                                      Daniel K. Fujimoto
                                                      Attorneys for Creditor, The Bank of New York
                                                      Mellon fka The Bank of New York Successor
                                                      Trustee to JPMorgan Chase Bank, N.A., as
                                                      Trustee for the Structured Asset Mortgage
                                                      Investments II Trust, Mortgage Pass-Through
                                                      Certificates, Series 2006-AR7

                                                  MAY 30
Dated: ~~April~~ ___, 2014                        The Fuller Law Firm


                                                  By: _____
                                                      Lars T. Fuller, Esq.
                                                      Attorneys for Debtors, Camilo C. Calinawan
                                                      and Elsida L. Calinawan


4

Alan Steven Wolf, Bar No. 94665
Daniel K. Fujimoto, Bar No. 158575
THE WOLF FIRM
A Law Corporation
2955 Main Street, 2nd Floor
Irvine, CA 92614
Telephone:    (949) 720-9200
Facsimile:    (949) 608-0128

Attorneys for Creditor, U.S. Bank, National
Association, as Trustee for the
Certificateholders of the LXS 2006-18N Trust
Fund

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 13-56315-SLJ |
| Camilo C. Calinawan aka Mel Calinawan dba Cali-Allen Properties and Elsida L. Calinawan aka Elsie Calinawan, | Chapter 11 |
| Debtors. | STIPULATION REGARDING VALUATION AND TREATMENT OF SECURED CLAIM OF U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE LXS 2006-18N TRUST FUND (540 Frances Avenue, Seaside, CA 93955) |

Secured Creditor U.S. Bank, National Association, as Trustee for the

Certificateholders of the LXS 2006-18N Trust Fund ("U.S. Bank") and Debtors and Debtors-

in-Possession Camilo C. Calinawan and Elsida L. Calinawan stipulate and agree by and

through their attorneys of record as follows:

WHEREAS, U.S. Bank is the current holder of a promissory note dated July 21, 2006

in the original principal amount of $595,000.00 executed by Debtor Camilo Calinawan (the

"Note.")  The Note is secured by a first position deed of trust held by U.S. Bank ("Deed of

Trust") and recorded against the Debtors' real property located at 540 Frances Avenue,

Seaside, CA 93955 (the "Frances Property") on August 3, 2006 as document no.

2006068275. True and correct copies of the Note, Deed of Trust, and Assignment of Deed

of Trust are attached hereto as Exhibits "1," "2," and "3," respectively.

EXHIBIT 4

Case: 13-56315    Doc# 2847    Filed: 12/16/14    Entered: 12/16/14 10:14:18    Page 18 of 69

WHEREAS, Debtors filed their Chapter 11 petition on December 9, 2012.

WHEREAS, on January 21, 2004, Debtors filed a motion seeking to value the Frances Property at $489,000 as Docket No. 102.

WHEREAS, Debtors have not yet filed a Chapter 11 Plan and Disclosure Statement.

WHEREAS, U.S. Bank and Debtors have resolved their differences and desire to memorialize the valuation of the Frances Property and the treatment of U.S. Bank's claim.

NOW THEREFORE, U.S. Bank and Debtors agree as follows:

1.     The terms set forth herein shall constitute the treatment of U.S. Bank's secured claim in any Chapter 11 Plan of Reorganization and any Disclosure Statement describing such Chapter 11 Plan filed by the Debtors, and shall be incorporated *in haec verba* therein.

2.     The terms of the Note and Deed of Trust, except as expressly modified herein, shall continue in force and effect, and shall be incorporated into any Chapter 11 Plan that is ultimately confirmed in this case.

3.     The Debtors shall be responsible for payment of all property taxes and homeowner's insurance premiums in connection with the Frances Property, and shall timely pay such taxes and insurance as they come due. Should Debtors fail to maintain insurance coverage or fail to timely pay property taxes, then U.S. Bank may elect to obtain insurance coverage and/or pay the property taxes, and to charge Debtors for the costs incurred as a result, as provided for by the Deed of Trust.

4.     The automatic stay of 11 U.S.C. §362(a) shall terminate as to U.S. Bank, its successors and assigns, upon entry of any order confirming a Chapter 11 Plan in this case.

5.     U.S. Bank shall have a secured claim in the amount of $489,000.00 that will be treated as an allowed secured claim and repaid with interest at the rate of 5.25% per annum, fully amortized over 30 years, with payments commencing July 1, 2014 and continuing on the first day of each subsequent month until paid in full on or before June 1, 2044. U.S. Bank will retain its security interest in the Property until the secured claim is paid

in full per the terms of the Note and Deed of Trust as modified by this Stipulation. The monthly principal and interest payments under the Plan will be $2,700.28.

6.      The remaining portion of U.S. Bank's claim will be treated as a general unsecured claim.

7.      The terms of this Stipulation shall not be modified or changed by any subsequent plan or confirmation order entered in this case, unless agreed to in writing by U.S. Bank and Debtors.

8.      If the Debtors fail to fully perform any provision, term, or condition of this Stipulation in a timely manner, then the Debtors shall be in default under this Stipulation. In the event that U.S. Bank asserts a default by the Debtors, then the terms of the Note and Deed of Trust will control, notwithstanding any contrary provisions in any confirmed Plan.

9.      If Debtors' case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, then U.S. Bank shall retain its lien in the full amount due under the Note and Deed of Trust and this Stipulation shall be null and void.

10.     If Debtors sell or transfer the Frances Property prior to confirmation of a Chapter 11 Plan, then U.S. Bank shall be entitled to proceeds from the sale in the full amount of the outstanding balance then owed under the original terms of the Note and Deed of Trust. If the proposed sale of the Frances Property is for an amount less than the full amount of the outstanding balance then owed under the original terms of the Note and Deed of Trust, then Debtors must first obtain U.S. Bank's written consent.

11.     Entry into this Stipulation shall not constitute a waiver of any of U.S. Bank's rights with regards to any other claims U.S. Bank may hold against Debtors in this bankruptcy case.

///

///

///

///

///

Stipulation Re: Treatment of U.S. Bank's Secured Claim

1        12.     The provisions of this Stipulation are binding upon and inure to the benefit of

2    U.S. Bank, the Debtors and their estate, and the respective successors and assigns of each

3    of the foregoing.

4

5    Dated: February 12, 2014             THE WOLF FIRM, A Law Corporation

6

7                               By:  /s/ Daniel K. Fujimoto

8                                  Daniel K. Fujimoto
                                       Attorneys for Creditor, U.S. Bank, National

9                                Association, as Trustee for the
                                       Certificateholders of the LXS 2006-18N Trust

10                               Fund

11    Dated: February _12_, 2014            The Fuller Law Firm

12

13                               By:

14                                 Lars T. Fuller, Esq.
                                       Attorneys for Debtors, Camilo C. Calinawan

15                               and Elsida L. Calinawan

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipulation Re: Treatment of U.S. Bank's Secured Claim

1   Alan Steven Wolf, Bar No. 94665
    Daniel K. Fujimoto, Bar No. 158575
2   THE WOLF FIRM
    A Law Corporation
3   2955 Main Street, 2nd Floor
    Irvine, CA  92614
4   Telephone:  (949) 720-9200
    Facsimile:   (949) 608-0128
5
    Attorneys for Creditor, Nationstar Mortgage LLC
6

7

8              UNITED STATES BANKRUPTCY COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11   In re:                       Case No. 13-56315-SLJ

12   Camilo C. Calinawan aka Mel Calinawan     Chapter 11
    dba Cali-Allen Properties and Elsida L.
13   Calinawan aka Elsie Calinawan,        STIPULATION REGARDING VALUATION
                               AND TREATMENT OF SECURED CLAIM OF
14            Debtors.            NATIONSTAR MORTGAGE LLC(542 Sunrise
                               Street, Salinas, CA 93905)
15

16

17       Secured Creditor Nationstar Mortgage LLC("Nationstar") and Debtors and Debtors-in-

18   Possession Camilo C. Calinawan and Elsida L. Calinawan stipulate and agree by and

19   through their attorneys of record as follows:

20       WHEREAS, Nationstar is the current holder of a promissory note dated September

21   18, 2006 in the original principal amount of $504,000.00 executed by Debtor Camilo

22   Calinawan (the "Note.")  The Note is secured by a first position deed of trust held by

23   Nationstar ("Deed of Trust") and recorded against the Debtors' real property located at 542

24   Sunrise Street, Salinas, CA 93905 (the "Sunrise Property") on September 29, 2006 as

25   document no. 2006085878. True and correct copies of the Note, Deed of Trust, and

26   Assignment of Deed of Trust are attached hereto as Exhibits "1," "2," and "3," respectively.

27       WHEREAS, Debtors filed their Chapter 11 petition on December 9, 2013.

28       WHEREAS, on January 10, 2004, Debtors filed a motion seeking to value the

1  Sunrise Property at $307,000 as Docket No. 88.

2      WHEREAS, Nationstar filed its Opposition to Debtors' motion on January 31, 2014,
3  asserting that the value of the Sunrise Property is $315,000.

4      WHEREAS, Debtors have not yet filed a Chapter 11 Plan and Disclosure Statement.
5      WHEREAS, Nationstar and Debtors have resolved their differences and desire to
6  memorialize the valuation of the Sunrise Property and the treatment of Nationstar's claim.

7      NOW THEREFORE, Nationstar and Debtors agree as follows:

8      1.     The terms set forth herein shall constitute the treatment of Nationstar's
9  secured claim in any Chapter 11 Plan of Reorganization and any Disclosure Statement
10  describing such Chapter 11 Plan filed by the Debtors, and shall be incorporated *in haec*
11  *verba* therein.

12     2.     The terms of the Note and Deed of Trust, except as expressly modified herein,
13  shall continue in force and effect, and shall be incorporated into any Chapter 11 Plan that is
14  ultimately confirmed in this case.

15     3.     The Debtors shall be responsible for payment of all property taxes and
16  homeowner's insurance premiums in connection with the Sunrise Property, and shall timely
17  pay such taxes and insurance pursuant to an escrow account with Nationstar as part of the
18  monthly payment pursuant to the Note and Deed of Trust.

19     4.     The automatic stay of 11 U.S.C. §362(a) shall terminate as to Nationstar, its
20  successors and assigns, upon entry of any order confirming a Chapter 11 Plan in this case.

21     5.     Nationstar shall have a secured claim in the amount of $315,000.00 that will
22  be treated as an allowed secured claim and repaid with interest at the rate of 5.25% per
23  annum, fully amortized over 30 years, with payments commencing July 1, 2014 and
24  continuing on the first day of each subsequent month until paid in full on or before June 1,
25  2044. Nationstar will retain its security interest in the Property until the secured claim is paid
26  in full per the terms of the Note and Deed of Trust as modified by this Stipulation. The
27  monthly principal and interest payments under the Plan will be $1,739.44, plus escrow,

28

2

which is currently $307.90 but which is subject to change, for a total monthly payment of $2,047.34.

6.      In addition, Debtors will cure pre-petition non-escrowed advances for property taxes and property insurance in the amount of $11,450.38 in equal monthly payments of $318.07 commencing July 1, 2014 and continuing on the first day of each subsequent month until paid in full on or before June 1, 2017.

7.      The remaining portion of Nationstar's claim will be treated as a general unsecured claim.

8.      The terms of this Stipulation shall not be modified or changed by any subsequent plan or confirmation order entered in this case, unless agreed to in writing by Nationstar and Debtors.

9.      If the Debtors fail to fully perform any provision, term, or condition of this Stipulation in a timely manner, then the Debtors shall be in default under this Stipulation. In the event that Nationstar asserts a default by the Debtors, then the terms of the Note and Deed of Trust will control, notwithstanding any contrary provisions in any confirmed Plan.

10.     If Debtors' case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, then Nationstar shall retain its lien in the full amount due under the Note and Deed of Trust and this Stipulation shall be null and void.

11.     If Debtors sell or transfer the Sunrise Property prior to confirmation of a Chapter 11 Plan, then Nationstar shall be entitled to proceeds from the sale in the full amount of the outstanding balance then owed under the original terms of the Note and Deed of Trust. If the proposed sale of the Sunrise Property is for an amount less than the full amount of the outstanding balance then owed under the original terms of the Note and Deed of Trust, then Debtors must first obtain Nationstar's written consent.

12.     Entry into this Stipulation shall not constitute a waiver of any of Nationstar's rights with regards to any other claims Nationstar may hold against Debtors in this bankruptcy case.

3

13.    The provisions of this Stipulation are binding upon and inure to the benefit of Nationstar, the Debtors and their estate, and the respective successors and assigns of each of the foregoing.

Dated: March 28, 2014                    THE WOLF FIRM, A Law Corporation


                                         By: /s/ Daniel K. Fujimoto
                                             Daniel K. Fujimoto
                                             Attorneys for Creditor, Nationstar Mortgage
                                             LLC

                                         The Fuller Law Firm

Dated: March ____, 2014    MAY 23, 2014


                                         By: _____
                                             Lars T. Fuller, Esq.
                                             Attorneys for Debtors, Camilo C. Calinawan
                                             and Elsida L. Calinawan

4

1  JaVonne M. Phillips, Esq. SBN 187474
2  Kelly M. Raftery, Esq. SBN 249195
   **McCarthy & Holthus, LLP**
3  1770 Fourth Avenue
   San Diego, CA 92101
4  Phone (877) 369-6122
   Fax (619) 685-4810
5

6  Attorneys for Secured Creditor, Bank of New York Mellon, f/k/a Bank of New York, as Trustee,
   on behalf of the registered holders of Alternative Loan Trust 2007-OA4, Mortgage Pass-Through
7  Certificates Series 2007-OA4, its assignees and/or successors, by and through its servicing agent
   Select Portfolio Servicing, Inc.
8

9

10                          UNITED STATES BANKRUPTCY COURT

11                          NORTHERN DISTRICT OF CALIFORNIA

12                                SAN JOSE DIVISION

13

14  In re:                                   ) Case No.  13-56315 SLJ
                                              )
15  Camilo C Calinawan                        ) Chapter 11
16  Elsida L. Calinawan,                      )
                                              )
17         Debtors.                           ) **STIPULATION FOR PLAN TREATMENT**
                                              ) **ON FIRST LIEN SECURED BY**
18                                            ) **PROPERTY AT 546 FRANCIS AVENUE,**
                                              ) **SEASIDE, CA 93955**
19                                            )
20                                            ) [no hearing]
                                              )
21                                            )
22                                            ) Judge:  Stephen L. Johnson
                                              )
23                                            )
                                              )
24                                            )
                                              )
25                                            )
                                              )
26                                            )
                                              )
27                                            )
                                              )
28                                            )
                                              )
29  _____ )

                                      1

Bank of New York Mellon, f/k/a Bank of New York, as Trustee, on behalf of the registered holders of Alternative Loan Trust 2007-OA4, Mortgage Pass-Through Certificates Series 2007-OA4, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc. ("SPS") and Debtors, Camilo C. Calinawan and Elsida L. Calinawan ("Debtors"), by and through their attorneys of record now enter into the below stipulation to resolve and agree to plan treatment of the real property commonly known as 546 Francis Avenue, Seaside, CA 93955.

## RECITALS

A. On or about January 18, 2007, Camilo Calinawan, for valuable consideration, made, executed and delivered a Note secured by a First Deed of Trust both in the amount of $546,000.00 on the property commonly known as 546 Francis Avenue, Seaside, CA 93955 ("Francis Property").

B. On or about December 9, 2013, Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Northern District of California.

C. As of the date of filing of said bankruptcy case, the total amount of SPS's claim with regard to the Francis Property was approximately $634,259.51.

D. The parties have conferred and agreed upon the value of the property and treatment of SPS's first lien secured by the Francis Property for purposes of Debtors' Chapter 11 Plan and those terms are reflected below.

## THE PARTIES HERETO STIPULATE AND AGREE AS FOLLOWS:

1. The value of the Francis Property is $499,000.00 for the purposes of this instant Chapter 11 case.

2. The secured claim of $499,000.00 will be repaid during the remaining term of the original note at a 5.25% fixed interest rate with payments calculated at a 480 month amortization schedule.

3. The maturity date of the loan will be April 1, 2047. Any and all amounts outstanding and owed as of April 1, 2047 will be due in full on the maturity date.

Stipulation, Case No. 13-56315 SLJ
File No. CA-13-95866

4. The principal and interest payment under these agreed terms is $2,489.37 per month with the first payment due on July 1, 2014.

5. Payments are due monthly as per the terms of the original promissory note.

6. Payments shall be made directly to SPS at Select Portfolio Servicing, Inc., PO Box 65450, Salt Lake City, UT 84165-0450, with reference to the last four digits of the Loan Number 5313, or as otherwise directed.

7. Debtors will continue to maintain taxes and insurance directly and outside of an escrow account on the Francis Property in accordance with the terms and requirements of the deed of trust and note. If Debtors default on maintaining taxes and/or insurance for the Francis Property, SPS may pay the insurance as described in the Deed of Trust and Note and impound the account to collect for all escrow advances and maintaining the escrow account for future disbursements.

8. Debtors agree to turn over all rental proceeds collected from the Francis Property in the sum of $12,900.00, collected for January 1, 2014 through June 1, 2014 in the amount of $2,150, less monthly amounts for taxes and insurance upon proof of those expense amounts. Debtors agree to provide these funds on or before July 1, 2014.

9. All other terms of the Deed of Trust and Note not directly altered by this agreement will remain in full force and effect.

10. SPS has relief from the automatic stay as to the Francis Property upon confirmation of Debtors' Chapter 11 Plan.

11. SPS's unsecured claim with regard to the Francis Property will be reduced to $0 upon confirmation of Debtor's Chapter 11 Plan in this instant bankruptcy case.

12. Debtors agree to incorporate the above agreed terms of lien treatment into any and all existing and future proposed Chapter 11 Plans and, if any terms in Debtors' Chapter 11 Plan conflict with the terms of this stipulation the terms of this stipulation will control. In the event that Debtors' Chapter 11 Plan does not reflect the language of this stipulation it will be incorporated into the confirmation order through exact language, attachment of a copy of the stipulation, or by reference of the filed stipulation.

3

1    13. SPS agrees to vote for Debtors' Chapter 11 Plan provided it reflects the agreed plan
2        treatment contained in this stipulation, or the terms of the stipulation are incorporated into
3        the confirmation order through exact language, attachment of a copy of the stipulation, or
4        by reference of the filed stipulation.
5    14. If this Chapter 11 bankruptcy is dismissed or converted to another chapter under title 11,
6        SPS's lien shall remain a valid secured lien for the full amount due under the original
7        Promissory Note and all payments received under this agreement will be applied
8        contractually under the original terms of the Deed of Trust and original Promissory Note.
9
10   IT IS SO STIPULATED:
11
12   Dated: June 20, 2014
13                                                    Lars T. Fuller, Esq.   Sam Taherian
14                                                    Attorney for Debtors,
                                                      Camilo C Calinawan and
15                                                    Elsida L. Calinawan
16   Dated: 6/23/14
17                                                    Kelly M. Raftery, Esq.
18                                                    McCarthy & Holthus, LLP
                                                      Attorney for Bank of New York Mellon,
19                                                    f/k/a Bank of New York, as Trustee, on
                                                      behalf of the registered holders of
20                                                    Alternative Loan Trust 2007-OA4,
                                                      Mortgage Pass-Through Certificates Series
21                                                    2007-OA4, its assignees and/or successors,
                                                      by and through its servicing agent Select
22                                                    Portfolio Servicing, Inc.
23
24
25
26
27
28
29

                                      4

Christopher M. McDermott (SBN 253411)
cmcdermott@piteduncan.com
Casey J. O'Connell (SBN 283492)
coconnell@piteduncan.com
**PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorney for Secured Creditor, Wells Fargo
Bank, N.A. as Trustee for WaMu Mortgage
Pass-Through Certificates, Series 2005-PR4
Trust

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>CAMILO C. CALINAWAN AND ELSIDA L. CALINAWAN,<br><br>Debtors. | Case No. 13-56315-SJ<br><br>Chapter 11<br><br>**STIPULATION RE: ADEQUATE PROTECTION AND TREATMENT OF WELLS FARGO BANK, N.A.'S CLAIM UNDER DEBTORS' PROPOSED CHAPTER 11 PLAN OF REORGANIZATION**<br><br>**SUBJECT PROPERTY:**<br>713 E Market St,<br>Salinas, CA 93905 |

This Stipulation is entered into by and between Secured Creditor Wells Fargo Bank, N.A. as Trustee for WaMu Mortgage Pass-Through Certificates, Series 2005-PR4 Trust ("**Creditor**"), by and through its attorneys of record, Pite Duncan LLP, and Camilo C. Calinawan and Elsida L. Calinawan, (the "**Debtors**"), by their attorney of record, Lars T. Fuller.

The property which is the subject of this matter is commonly known as 713 E. Market St, Salinas, CA 93905 (hereinafter the "**Property**").

/./.

/./.

/./.

1    On or about October 13, 2005, Elsida L. Calinawan ("**Borrower**") executed a promissory

2    note in the principal sum of $341,250.00 (the "**Note**"), which was made payable to Washington

3    Mutual Bank, FA.  The Note reflects that it was indorsed in blank.

4    The Note is secured by a deed of trust (the "**Deed of Trust**") encumbering the Property.

5    The Deed of Trust was recorded on October 26, 2005, in the Official Records of Monterey

6    County, State of California.

7    Creditor currently holds possession of the Note, which is indorsed in blank.

8    The Deed of Trust was assigned to Creditor. The Assignment of Deed of Trust was

9    recorded in the Official Records of Monterey County, State of California.

10    On or about December 9, 2013, Debtors filed a voluntary petition under Chapter 11 of the

11    Bankruptcy Code in the Northern District of California – San Jose Division and were assigned

12    bankruptcy case no. 13-56315.

13    The parties have agreed to value the Subject property at $250,000.00.

14    **THE PARTIES STIPULATE AS FOLLOWS:**

15    1.    Creditor shall have a fully secured claim in the amount of **$250,000.00** (the "**Secured**

16    **Claim**") amortized over **thirty (30) years** at **5.25%** interest per annum.

17    2.    Creditor shall have an unsecured claim in the amount of **$131,306.17** (the "**Unsecured**

18    **Claim**"). Creditor shall receive, in full and final satisfaction of its Unsecured Claim, its pro rata

19    share of the dividend available to general unsecured creditors, which shall be not less than the

20    Debtors' projected disposable income (as defined in section 1325(b)(2)) to be received during

21    the 5 year period beginning on the date that the first payment is due under the Plan, or during the

22    period for which the Plan provides, whichever is longer. Creditor's lien related to its Unsecured

23    Claim shall only be avoided if: (1) Debtors' Plan is confirmed; (2) Debtors substantially

24    consummate their Plan; and (3) Debtors obtain their Chapter 11 discharge. In the event Debtors

25    proceed with a post-confirmation sale or refinance of the Real Property, Creditor shall not be

26    required to release its lien until the Debtors have paid Creditor's Secured and Unsecured Claims

27    in accordance with this Stipulation, substantially consummate their Plan, and receive a Chapter

28    11 discharge.

3.      Debtors shall tender regular monthly principal and interest payments in the sum of **$1,380.51** to Creditor for the Secured Claim commencing **February 1, 2014**, and continuing on the first day of each month thereafter until all such outstanding amounts under the Secured Claim have been paid in full.

4.      Debtors shall maintain real property taxes and real property hazard insurance for the Subject Property and provide proof of said insurance to Creditor on a timely basis (i.e. the loan is de-escrowed going forward).

5.      Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Creditor's Secured Claim.

6.      **Pre-Confirmation Default**: In the event of any future default on any of the above-described provisions, inclusive of this Stipulation, occurring before confirmation of Debtors' Chapter 11 Plan, Creditor shall provide written notice via first class mail to Debtors at 21449 Riverview Court, Salinas, CA 93908, and to Debtors' attorney of record, Lars T. Fuller at 60 N. Keeble Ave., San Jose, CA 95126, indicating the nature of default. If Debtors fail to cure the default with certified funds after passage of thirty (30) calendar days from the date said written notice is placed in the mail, then the Automatic Stay shall terminate and Creditor may proceed to foreclose its security interest in the Subject Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Subject Property without further notice, order, or proceeding of this Court.

7.      **Post-Confirmation Default**: Upon confirmation of the Debtors' Chapter 11 Plan, the Automatic Stay with respect to the Subject Property shall terminate and the default remedies described in paragraph 6 of this Stipulation shall have no further force or effect. In the event of any future default on any of the above-described provisions, inclusive of this Stipulation, occurring after confirmation of Debtors' Chapter 11 Plan, Creditor shall proceed with its foreclosure remedies pursuant to the Note, Deed of Trust, and applicable state law.

8.      The acceptance by Creditor of a late or partial payment shall not act as a waiver of Creditor's right to proceed hereunder.

- 3 -

STIPULATION RE: TREATMENT OF WELLS FARGO BANK, N.A.'S CLAIM UNDER DEBTORS'

9. In the event that Creditor is granted relief from the automatic stay, the parties hereby stipulate that the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

10. In the event the Debtors default under this Stipulation and Creditor forwards a 30-day letter to Debtors pursuant to paragraph 6 of this Stipulation, Debtors shall be responsible for Creditor's reasonable attorneys' fees and costs incurred in preparing the 30-day letter and for any subsequent 30-day letter submitted to Debtors to cure the default.

11. At the request of Creditor, the Debtors shall execute such documents and instruments as are necessary to reflect the Debtors as the borrowers of the Secured Claim, and to modify the terms of the obligation to conform with the provisions of the this Stipulation.

12. The terms of this Stipulation may not be modified, altered, or changed by the Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan of Reorganization and confirmation order thereon without the express written consent of the Creditor. In the event of a conflict between the terms of this Stipulation and the terms of Debtors' Chapter 11 Plan, any amendments or modifications thereto, or any confirmation order thereon, the terms of this Stipulation shall control.

13. Upon executing this Stipulation, Debtors shall be required to incorporate into their Chapter 11 Plan all the terms and provisions of this Stipulation verbatim. In addition, Debtors shall provide Creditor's counsel with a copy of the proposed Chapter 11 Plan for review prior to filing the same with the Court to ensure the terms and provisions of this Stipulation are fully incorporated therein. Further, the terms and provisions of this Stipulation may not be modified, altered, or changed by the Plan, any subsequently filed amended or modified Chapter 11 Plan of Reorganization and/or confirmation order thereon without the express written consent of the Creditor.

14. In the event the Debtors' case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Creditor shall retain its lien in the full amount due under the Note and the automatic stay shall be terminated without further notice, order, or proceeding of the court.

/././

CASE NO. 13-56315
STIPULATION RE: TREATMENT OF WELLS FARGO BANK, N.A.'S CLAIM UNDER DEBTORS' PROPOSED CHAPTER 11 PLAN OF REORGANIZATION

Case: 13-56315    Doc# 287    Filed: 12/04/14    Entered: 12/04/14 14:25:09    Page 33 of 69

15.     Except as expressly provided herein, the Debtors waive any and all claims, causes of action, whether known or unknown, they currently have against Creditor, and its respective agents, parents, affiliates, subsidiaries, attorneys, predecessors, current and subsequent holders of the Loan, successors and assigns in relation to the Loan referenced herein and any and all agreements which exist between them regarding or relating to the Loan prior to the date of this Stipulation. This waiver includes Debtors' right to object to Creditor's Claim. The Debtors also release Creditor and its respective agents, parents, affiliates, subsidiaries, attorneys, predecessors, current and subsequent holders of the Loan, successors and assigns from any liability in relation to the Loan prior to the date of this Stipulation.

16.     In exchange for the forgoing, this Stipulation shall constitute a ballot voting in favor of the Debtors' Chapter 11 Plan of Reorganization for the Secured Claim and the Unsecured Claim.

**IT IS SO STIPULATED:**

Dated: _2 - 10 - 14_

LARS T. FULLER
Attorney for the Debtors


PITE DUNCAN, LLP

Dated: _2/10/14_

CASEY J. O'CONNELL
Attorney for Creditor

**LAW OFFICES OF LES ZIEVE**
**BRIAN H. TRAN, ESQ. #255577**
**LESLIE M. KLOTT, ESQ. #279622**
**30 Corporate Park, Suite 450**
**Irvine, CA 92606**
**Phone: (714) 848-7920**
**Facsimile: (714) 908-7807**
**Email: bankruptcy@zievelaw.com**

Counsel for Secured Creditor, Deutsche Bank National Trust Company, as trustee for
DSLA Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2006-AR2

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No. 13-56315 |
| Camilo C Calinawan and Elsida L Calinawan, Debtors. | CHAPTER 11 |
| | **STIPULATION BY AND BETWEEN SECURED CREDITOR AND DEBTORS TO RESOLVE MOTION TO VALUE COLLATERAL OF REAL PROPERTY LOCATED AT 715 E. MARKET STREET, SALINAS, CA** |
| | **Hearing:**<br>Date: None Set<br>Time: None Set<br>Place: U.S. Bankruptcy Court<br>Courtroom 3099<br>280 South First Street<br>San Jose, CA 95113 |

TO THE HONORABLE STEPHEN L. JOHNSON, UNITED STATES
BANKRUPTCY JUDGE, DEBTORS, DEBTOR'S ATTORNEY, THE UNITED STATES
TRUSTEE, AND PARTIES IN INTEREST:

Deutsche Bank National Trust Company, as trustee for DSLA Mortgage Loan Trust

Mortgage Loan Pass-Through Certificates, Series 2006-AR2 ("Secured Creditor"), by and

through its counsel of record, and Camilo C. Calinawan and Elsida L. Calinawan ("Debtors"), by and through their counsel of record (collectively "Parties"), hereby agree and stipulate to resolve Debtors' Motion to Determine Value of Collateral for the Purpose of Modifying the lien on 715 E. Market Street, Salinas, CA as follows:

## RECITALS

1. Secured Creditor is the beneficiary of the Note and Deed of Trust secured by Debtor's real property located at 715 E. Market Street, Salinas, CA 93905 ("Real Property").

2. On December 20, 2013, Debtors filed a Motion to Determine the Value of Collateral for the Purpose of Modifying Lien as to the Note and Deed of Trust on Real Property ("Motion").

## THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:

1. The value of Real Property for plan confirmation purposes shall be $274,500.00 which shall be repaid over 30 years in equal monthly installments at 5.00% interest per annum. Principal and interest payments shall be $1,473.58 per month. All other terms of the Note and Deed of Trust signed by the Debtors and currently held by Secured Creditor shall continue in full force and effect, and those documents shall only be modified with regard to the amounts owed, the interest rate, and the maturity date of the Note.

2. The Debtors shall maintain and be directly responsible for all future real property taxes and insurance coverage in place for the Real Property at all times. In the event that Debtors fail to maintain payments under this paragraph, said failure shall constitute a material breach as provided in Debtors' Chapter 11 Plan and Disclosure Statement.

3. The Debtors shall also cure $4,340.79 in post-petition escrow advances at 5% interest over sixty (60) months.

4. The terms of this Stipulation are expressly contingent upon the confirmation of a Chapter 11 Plan by the Debtors, and substantial consummation thereof. In the event this case is dismissed or converted to Chapter 7, Secured Creditor shall retain its lien in the full amount due

under the Note and Deed of Trust without regard to the bifurcation of Secured Creditor's claim into secured and unsecured claims under this Stipulation.

5. Debtors agree to incorporate the above agreed terms of lien treatment into any and a all future proposed Chapter 11 Plans and, if any terms in Debtors' Chapter 11 plan are conflicting with the terms of this Stipulation, the stipulation terms will control.

6. Secured Creditor will accept any plan that conforms to the above terms, and will execute and return a ballot to Debtor's Counsel in accordance therewith.

7. In the event Debtors sell the Property prior to receiving their Chapter 11 discharge, Secured Creditor shall be entitled to exercise its rights pursuant to 11 U.S.C. §363(k) and/or 11 U.S.C. §363(f) and shall be permitted to receive proceeds from the sale of the Property in an amount not less than the original pre-modified outstanding balance owing under the terms of the Note. If the proposed sale for the Property is less than the outstanding balance owing under the Note, then Secured Creditor's consent must be obtained in writing prior to any such sale.

**WHEREFORE**, the Parties do respectfully request the Court enter an order approving this Stipulation.

DATED: March April 13, 2014     LAW OFFICES OF LES ZIEVE

_____

BRIAN H. TRAN
Counsel for Secured Creditor

DATED: March 31, 2014     THE FULLER LAW FIRM

_____

LARS T. FULLER
Counsel for Debtors

1  Alan Steven Wolf, Bar No. 94665
   Daniel K. Fujimoto, Bar No. 158575
2  THE WOLF FIRM
   A Law Corporation
3  2955 Main Street, 2nd Floor
   Irvine, CA 92614
4  Telephone:   (949) 720-9200
   Facsimile:   (949) 608-0128
5
   Attorneys for Creditor, Nationstar Mortgage LLC
6

7

8              UNITED STATES BANKRUPTCY COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 | In re:                                    | Case No. 13-56315-SLJ

12 | Camilo C. Calinawan aka Mel Calinawan     | Chapter 11
   | dba Cali-Allen Properties and Elsida L.
13 | Calinawan aka Elsie Calinawan,            | STIPULATION REGARDING VALUATION
   |                                           | AND TREATMENT OF SECURED CLAIM OF
14 |              Debtors.                     | NATIONSTAR MORTGAGE LLC(728 Jefferson
   |                                           | Street, Salinas, CA 93905)
15 |
   |                                           | Evidentiary Hearing
16 |                                           | Date: June 30, 2014
   |                                           | Time: 1:00 p.m.
17 |                                           | Dept.: 3099
   |
18 |                                           | U.S. Bankruptcy Court
   |                                           | 280 S. First St., San Jose, CA 95113
19 |

20       Secured Creditor Nationstar Mortgage LLC("Nationstar") and Debtors and Debtors-in-

21  Possession Camilo C. Calinawan and Elsida L. Calinawan stipulate and agree by and

22  through their attorneys of record as follows:

23       WHEREAS, Nationstar is the current holder of a promissory note dated October 10,

24  2005 in the original principal amount of $555,000.00 executed by Debtor Camilo Calinawan

25  (the "Note.")  The Note is secured by a first position deed of trust held by Nationstar ("Deed

26  of Trust") and recorded against the Debtors' real property located at 728 Jefferson Street,

27  Salinas, CA 93905 (the "Jefferson Property") on October 26, 2005 as document no.

28  2005113784.

1    WHEREAS, Debtors filed their Chapter 11 petition on December 9, 2013.

2    WHEREAS, Nationstar filed its proof of claim in the amount of $370,315.52 as Claim

3    21 on April 15, 2014, a true and correct copy of which is attached as Exhibit "1" and

4    incorporated by reference.

5    WHEREAS, on January 17, 2014, Debtors filed a motion seeking to value the

6    Jefferson Property at $304,000 as Docket No. 95.

7    WHEREAS, Nationstar filed its Opposition to Debtors' motion on March 17, 2014,

8    asserting that the value of the Jefferson Property is $427,000.

9    WHEREAS, Nationstar filed the Declaration of Real Estate Appraiser Leonid

10   Modorsky in Support of Opposition to Debtors' Motion to Value asserting that the value of

11   the Jefferson Property is $400,000.00.

12   WHEREAS, at the hearing on Debtors' motion to value on May 7, 2014, the Court set

13   an evidentiary hearing on the issue of value for June 30, 2014, at 1:00 p.m.

14   WHEREAS, Debtors have not yet filed a Chapter 11 Plan and Disclosure Statement.

15   WHEREAS, Nationstar and Debtors have resolved their differences and desire to

16   memorialize the valuation of the Jefferson Property and the treatment of Nationstar's claim.

17   NOW THEREFORE, Nationstar and Debtors agree as follows:

18       1.    The terms set forth herein shall constitute the treatment of Nationstar's

19   secured claim in any Chapter 11 Plan of Reorganization and any Disclosure Statement

20   describing such Chapter 11 Plan filed by the Debtors, and shall be incorporated *in haec*

21   *verba* therein.

22       2.    The terms of the Note and Deed of Trust, except as expressly modified herein,

23   shall continue in force and effect, and shall be incorporated into any Chapter 11 Plan that is

24   ultimately confirmed in this case.

25       3.    The Debtors shall be responsible for payment of all property taxes and hazard

26   insurance in connection with the Jefferson Property, and shall timely pay such taxes and

27   insurance pursuant to an escrow account with Nationstar as part of the monthly payment

28   pursuant to the Note and Deed of Trust.

2

Stipulation Re: Treatment of Nationstar's Secured Claim

1    4.    The automatic stay of 11 U.S.C. §362(a) shall terminate as to Nationstar, its

2    successors and assigns, upon entry of a final decree or 90 days after entry of any order

3    confirming a Chapter 11 Plan in this case, whichever occurs first.

4    5.    Nationstar shall have a secured claim in the amount of $340,000.00, plus

5    escrow advances in the amount of $2,942.50 for a total secured claim of $342,942.50 that

6    will be treated as an allowed secured claim and repaid with interest at the rate of 5.25% per

7    annum, fully amortized over 30 years, with payments commencing August 1, 2014 and

8    continuing on the first day of each subsequent month until paid in full on or before July 1,

9    2044. Nationstar will retain its security interest in the Property until the secured claim is paid

10    in full per the terms of the Note and Deed of Trust as modified by this Stipulation. The

11    monthly principal and interest payments under the Plan will be $1,893.74, plus escrow,

12    which is currently $325.11 for property taxes and hazard insurance, but which is subject to

13    change, for a total monthly payment of $2,218.85.

14    6.    The remaining portion of Nationstar's claim will be treated as a general

15    unsecured claim.

16    7.    The terms of this Stipulation shall not be modified or changed by any

17    subsequent plan or confirmation order entered in this case, unless agreed to in writing by

18    Nationstar and Debtors.

19    8.    If the Debtors fail to fully perform any provision, term, or condition of this

20    Stipulation in a timely manner, then the Debtors shall be in default under this Stipulation. In

21    the event that Nationstar asserts a default by the Debtors, then the terms of the Note and

22    Deed of Trust as modified in paragraph 5 above will control, notwithstanding any contrary

23    provisions in any confirmed Plan.

24    9.    If Debtors' case is dismissed or converted to any other chapter under Title 11

25    of the United States Bankruptcy Code, then Nationstar shall retain its lien in the full amount

26    due under the Note and Deed of Trust and this Stipulation shall be null and void.

27    10.    If Debtors sell or transfer the Jefferson Property prior to confirmation of a

28    Chapter 11 Plan, then Nationstar shall be entitled to proceeds from the sale in the full

3

amount of the outstanding balance then owed under the original terms of the Note and Deed of Trust. If the proposed sale of the Jefferson Property is for an amount less than the full amount of the outstanding balance then owed under the original terms of the Note and Deed of Trust, then Debtors must first obtain Nationstar's written consent.

11.    Entry into this Stipulation shall not constitute a waiver of any of Nationstar's rights with regards to any other claims Nationstar may hold against Debtors in this bankruptcy case.

12.    The provisions of this Stipulation are binding upon and inure to the benefit of Nationstar, the Debtors and their estate, and the respective successors and assigns of each of the foregoing.

Dated: July 29, 2014                    THE WOLF FIRM, A Law Corporation

By: /s/ Daniel K. Fujimoto
    Daniel K. Fujimoto
    Attorneys for Creditor, Nationstar Mortgage
    LLC

Aug. 15, 2014
Dated: July ____, 2014                  The Fuller Law Firm, P.C.

By: _____
    Lars T. Fuller, Esq.
    Saman Taherian, Esq.
    Attorneys for Debtors, Camilo C. Calinawan
    and Elsida L. Calinawan

4

Alan Steven Wolf, Bar No. 94665
Daniel K. Fujimoto, Bar No. 158575
THE WOLF FIRM
A Law Corporation
2955 Main Street, 2nd Floor
Irvine, CA 92614
Telephone:    (949) 720-9200
Facsimile:     (949) 608-0128

Attorneys for Creditor, The Bank of New York
Mellon fka The Bank of New York Successor
Trustee to JPMorgan Chase Bank, N.A., as
Trustee for The Structured Asset Mortgage
Investments II Trust, Mortgage Pass-Through
Certificates, Series 2006-AR7

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re:<br><br>Camilo C. Calinawan aka Mel Calinawan dba Cali-Allen Properties and Elsida L. Calinawan aka Elsie Calinawan,<br><br>Debtors. | Case No. 13-56315-SLJ<br><br>Chapter 11<br><br>STIPULATION REGARDING VALUATION AND TREATMENT OF SECURED CLAIM OF THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR7 (781 Gee Street, Salinas, CA 93905) |

Secured Creditor The Bank of New York Mellon fka The Bank of New York

Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for The Structured Asset

Mortgage Investments II Trust, Mortgage Pass-Through Certificates, Series 2006-AR7

("BNYM") and Debtors and Debtors-in-Possession Camilo C. Calinawan and Elsida L.

Calinawan stipulate and agree by and through their attorneys of record as follows:

WHEREAS, BNYM is the current holder of a promissory note dated July 17, 2006 in

the original principal amount of $444,500.00 executed by Debtor Camilo Calinawan (the

"Note.") The Note is secured by a first position deed of trust held by BNYM ("Deed of

Trust") and recorded against the Debtors' real property located at 781 Gee Street, Salinas, CA 93905 (the "Gee Street Property") on August 1, 2006 as document no. 2006067418. True and correct copies of the Note, Deed of Trust, and Assignment of Deed of Trust are attached hereto as Exhibits "1," "2," and "3," respectively.

WHEREAS Nationstar Mortgage LLC ("Nationstar") is the servicer of the loan for BNYM.

WHEREAS, Debtors filed their Chapter 11 petition on December 9, 2012.

WHEREAS, on January 23, 2004, Debtors filed a motion seeking to value the Gee Street Property at $180,000 as Docket No. 114.

WHEREAS, Debtors have not yet filed a Chapter 11 Plan and Disclosure Statement.

WHEREAS, BNYM and Debtors have resolved their differences and desire to memorialize the valuation of the Gee Street Property and the treatment of BNYM's claim.

NOW THEREFORE, BNYM and Debtors agree as follows:

1.    The terms set forth herein shall constitute the treatment of BNYM's secured claim in any Chapter 11 Plan of Reorganization and any Disclosure Statement describing such Chapter 11 Plan filed by the Debtors, and shall be incorporated *in haec verba* therein.

2.    The terms of the Note and Deed of Trust, except as expressly modified herein, shall continue in force and effect, and shall be incorporated into any Chapter 11 Plan that is ultimately confirmed in this case.

3.    The Debtors shall be responsible for payment of all property taxes and homeowner's insurance premiums in connection with the Gee Street Property, and shall timely pay such taxes and insurance pursuant to an escrow account with Nationstar as part of the monthly payment pursuant to the Note and Deed of Trust.

4.    The automatic stay of 11 U.S.C. §362(a) shall terminate as to BNYM, its successors and assigns, upon entry of any order confirming a Chapter 11 Plan in this case.

5.    BNYM shall have a secured claim in the amount of $228,500.00 that will be treated as an allowed secured claim and repaid with interest at the rate of 5.25% per annum, fully amortized over 30 years, with payments commencing July 1, 2014 and

2

Stipulation Re: Treatment of BNYM's Secured Claim

Case: 13-56631 Doc# 2651 Filed: 03/06/14 Entered: 03/06/14 11:54:10 Page 43 of 69

continuing on the first day of each subsequent month until paid in full on or before June 1, 2044. BNYM will retain its security interest in the Property until the secured claim is paid in full per the terms of the Note and Deed of Trust as modified by this Stipulation. The monthly principal and interest payments under the Plan will be $1,261.79, plus escrow, which is currently $210.54 but which is subject to change, for a total monthly payment of $1,472.33.

6. Debtors will cure post-petition escrow advances for property insurance in the amount of $569.82 on or before 30 days after execution of this stipulation and entry of an order approving this stipulation.

7. The remaining portion of BNYM's claim will be treated as a general unsecured claim.

8. The terms of this Stipulation shall not be modified or changed by any subsequent plan or confirmation order entered in this case, unless agreed to in writing by BNYM and Debtors.

9. If the Debtors fail to fully perform any provision, term, or condition of this Stipulation in a timely manner, then the Debtors shall be in default under this Stipulation. In the event that BNYM asserts a default by the Debtors, then the terms of the Note and Deed of Trust will control, notwithstanding any contrary provisions in any confirmed Plan.

10. If Debtors' case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, then BNYM shall retain its lien in the full amount due under the Note and Deed of Trust and this Stipulation shall be null and void.

11. If Debtors sell or transfer the Gee Street Property prior to confirmation of a Chapter 11 Plan, then BNYM shall be entitled to proceeds from the sale in the full amount of the outstanding balance then owed under the original terms of the Note and Deed of Trust. If the proposed sale of the Gee Street Property is for an amount less than the full amount of the outstanding balance then owed under the original terms of the Note and Deed of Trust, then Debtors must first obtain BNYM's written consent.

12. Entry into this Stipulation shall not constitute a waiver of any of BNYM's rights with regards to any other claims BNYM may hold against Debtors in this bankruptcy case.

3

1    13.    The provisions of this Stipulation are binding upon and inure to the benefit of

2    BNYM, the Debtors and their estate, and the respective successors and assigns of each of

3    the foregoing.

4

5    Dated: February 24, 2014                    THE WOLF FIRM, A Law Corporation

6

7                                               By: /s/ Daniel K. Fujimoto
                                                   Daniel K. Fujimoto
8                                                  Attorneys for Creditor, The Bank of New York
                                                   Mellon fka The Bank of New York Successor
9                                                  Trustee to JPMorgan Chase Bank, N.A., as
                                                   Trustee for The Structured Asset Mortgage
10                                                 Investments II Trust, Mortgage Pass-Through
                                                   Certificates, Series 2006-AR7
11

12   Dated: February 2̲8̲, 2014                   The Fuller Law Firm

13

14                                              By:
                                                   Lars T. Fuller, Esq.
15                                                 Attorneys for Debtors, Camilo C. Calinawan
                                                   and Elsida L. Calinawan
16

17

18

19

20

21

22

23

24

25

26

27

28

                                               4

Stipulation Re: Treatment of BNYM's Secured Claim

1  Alan Steven Wolf, Bar No. 94665
   Daniel K. Fujimoto, Bar No. 158575
2  THE WOLF FIRM
   A Law Corporation
3  2955 Main Street, 2nd Floor
   Irvine, CA 92614
4  Telephone:   (949) 720-9200
   Facsimile:   (949) 608-0128
5
   Attorneys for Creditor, Nationstar Mortgage LLC
6

7

8              UNITED STATES BANKRUPTCY COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  In re:                                    Case No. 13-56315-SLJ

12  Camilo C. Calinawan aka Mel Calinawan     Chapter 11
    dba Cali-Allen Properties and Elsida L.
13  Calinawan aka Elsie Calinawan,            STIPULATION REGARDING VALUATION
                                              AND TREATMENT OF SECURED CLAIM OF
14              Debtors.                      NATIONSTAR MORTGAGE LLC(1150 East
                                              Laurel Drive, Salinas, CA 93905)
15
                                              Evidentiary Hearing
16                                            Date: June 30, 2014
                                              Time: 9:00 a.m.
17                                            Dept.: 3099

18                                            U.S. Bankruptcy Court
                                              280 S. First St., San Jose, CA 95113
19

20        Secured Creditor Nationstar Mortgage LLC("Nationstar") and Debtors and Debtors-in-

21  Possession Camilo C. Calinawan and Elsida L. Calinawan stipulate and agree by and

22  through their attorneys of record as follows:

23        WHEREAS, Nationstar is the current holder of a promissory note dated September 6,

24  2006 in the original principal amount of $595,000.00 executed by Debtor Camilo Calinawan

25  (the "Note.")  The Note is secured by a first position deed of trust held by Nationstar ("Deed

26  of Trust") and recorded against the Debtors' real property located at 1150 East Laurel Drive,

27  Salinas, CA 93905 (the "Laurel Property") on September 15, 2006 as document no.

28  2006081163.

1   WHEREAS, Debtors filed their Chapter 11 petition on December 9, 2013.

2   WHEREAS, Nationstar filed its proof of claim in the amount of $582,116.20 as Claim

3   13 on April 14, 2014, a true and correct copy of which is attached as Exhibit "1" and

4   incorporated by reference.

5   WHEREAS, on January 7, 2014, Debtors filed a motion seeking to value the Laurel

6   Property at $354,000 as Docket No. 74.

7   WHEREAS, Nationstar filed its Opposition to Debtors' motion on January 31, 2014,

8   asserting that the value of the Laurel Property is $525,000.

9   WHEREAS, at the hearing on Debtors' motion to value on May 7, 2014, the Court set

10   an evidentiary hearing on the issue of value for June 30, 2014, at 9:00 a.m.

11   WHEREAS, Debtors have not yet filed a Chapter 11 Plan and Disclosure Statement.

12   WHEREAS, Nationstar and Debtors have resolved their differences and desire to

13   memorialize the valuation of the Laurel Property and the treatment of Nationstar's claim.

14   NOW THEREFORE, Nationstar and Debtors agree as follows:

15   1.   The terms set forth herein shall constitute the treatment of Nationstar's

16   secured claim in any Chapter 11 Plan of Reorganization and any Disclosure Statement

17   describing such Chapter 11 Plan filed by the Debtors, and shall be incorporated *in haec*

18   *verba* therein.

19   2.   The terms of the Note and Deed of Trust, except as expressly modified herein,

20   shall continue in force and effect, and shall be incorporated into any Chapter 11 Plan that is

21   ultimately confirmed in this case.

22   3.   The Debtors shall be responsible for payment of all property taxes in

23   connection with the Laurel Property, and shall timely pay such taxes pursuant to an escrow

24   account with Nationstar as part of the monthly payment pursuant to the Note and Deed of

25   Trust.

26   4.   The Debtors shall be responsible for payment of all property insurance

27   premiums in connection with the Laurel Property, and shall timely pay such insurance

28   premiums as they come due. Any insurance policy obtained by the Debtors must name

Stipulation Re: Treatment of Nationstar's Secured Claim

Nationstar as an additional insured. Should Debtors fail to maintain insurance coverage, then Nationstar may, at its option, elect to obtain its own insurance coverage and charge Debtors for the costs and insurance premiums incurred as a result, as provided for by the Deed of Trust.

5.    The automatic stay of 11 U.S.C. §362(a) shall terminate as to Nationstar, its successors and assigns, upon entry of a final decree or 90 days after entry of any order confirming a Chapter 11 Plan in this case, whichever occurs first.

6.    Nationstar shall have a secured claim in the amount of $442,500.00, plus escrow advances in the amount of $4,955.92 for a total secured claim of $447,455.92 that will be treated as an allowed secured claim and repaid with interest at the rate of 5.25% per annum, fully amortized over 30 years, with payments commencing August 1, 2014 and continuing on the first day of each subsequent month until paid in full on or before July 1, 2044. Nationstar will retain its security interest in the Property until the secured claim is paid in full per the terms of the Note and Deed of Trust as modified by this Stipulation. The monthly principal and interest payments under the Plan will be $2,470.87, plus escrow, which is currently $373.93 for property taxes only, but which is subject to change, for a total monthly payment of $2,844.80.

7.    The remaining portion of Nationstar's claim will be treated as a general unsecured claim.

8.    The terms of this Stipulation shall not be modified or changed by any subsequent plan or confirmation order entered in this case, unless agreed to in writing by Nationstar and Debtors.

9.    If the Debtors fail to fully perform any provision, term, or condition of this Stipulation in a timely manner, then the Debtors shall be in default under this Stipulation. In the event that Nationstar asserts a default by the Debtors, then the terms of the Note and Deed of Trust as modified in paragraph 6 above will control, notwithstanding any contrary provisions in any confirmed Plan.

3

10. If Debtors' case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, then Nationstar shall retain its lien in the full amount due under the Note and Deed of Trust and this Stipulation shall be null and void.

11. If Debtors sell or transfer the Laurel Property prior to confirmation of a Chapter 11 Plan, then Nationstar shall be entitled to proceeds from the sale in the full amount of the outstanding balance then owed under the original terms of the Note and Deed of Trust. If the proposed sale of the Laurel Property is for an amount less than the full amount of the outstanding balance then owed under the original terms of the Note and Deed of Trust, then Debtors must first obtain Nationstar's written consent.

12. Entry into this Stipulation shall not constitute a waiver of any of Nationstar's rights with regards to any other claims Nationstar may hold against Debtors in this bankruptcy case.

13. The provisions of this Stipulation are binding upon and inure to the benefit of Nationstar, the Debtors and their estate, and the respective successors and assigns of each of the foregoing.

Dated: July 29, 2014                    THE WOLF FIRM, A Law Corporation


                                        By: /s/ Daniel K. Fujimoto
                                            Daniel K. Fujimoto
                                            Attorneys for Creditor, Nationstar Mortgage
                                            LLC

                        Aug. 15, 2014
Dated: July ___, 2014                   The Fuller Law Firm, P.C.


                                        By: _____
                                            Lars T. Fuller, Esq.
                                            Saman Taherian, Esq.
                                            Attorneys for Debtors, Camilo C. Calinawan
                                            and Elsida L. Calinawan

4

Stipulation Re: Treatment of Nationstar's Secured Claim

PROOF OF SERVICE

RE:         Camilo C. Calinawan and Elsida L. Calinawan

CASE NO.:     13-56315

    I declare that I am employed in the County of Orange, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is 2955 Main Street, Second Floor, Irvine, CA  92614.  On <u>August 18, 2014</u> I served a **STIPULATION REGARDING VALUATION AND TREATMENT OF SECURED CLAIM OF NATIONSTAR MORTGAGE LLC(1150 East Laurel Drive, Salinas, CA 93905)** on each of the interested parties by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid in the United States mail at Irvine, California, addressed as follows:

SEE ATTACHED LIST MARKED AS<br>
EXHIBIT "1" AND INCORPORATED<br>
HEREIN BY REFERENCE

    I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on <u>August 18, 2014</u>, at Irvine, California.

/S/ Matthew D. Levington
Matthew D. Levington

- 1 -

EXHIBIT "1"

RE:  Camilo C. Calinawan and Elsida L. Calinawan
CASE NO.:  13-56315

**Debtor:**
Camilo C. Calinawan
21449 Riverview Court
Salinas, Ca 93908

**Joint Debtor:**
Elsida L. Calinawan
21449 Riverview Court
Salinas, Ca 93908

**Debtors' Counsel:**
Lars T. Fuller
The Fuller Law Firm
60 North Keeble Avenue
San Jose, CA 95126

**U.S. Trustee:**
Office of the U.S. Trustee - San Jose
280 South First Street, Room 268
San Jose, CA 95113

**Judge:**
Honorable Stephen L. Johnson
Attn: Chambers Copy
280 South First Street, Room 3035
San Jose, CA 95113-3099

**Interested Party:**
BMW Financial Services NA, LLC
c/o Ascension Capital Group
P.O. Box 201347
Arlington, TX 76006

**Interested Party:**
Ocwen Loan Servicing, LLC
Attn: Bankruptcy Dept, PO BOX 24605
West Palm Beach, Fl 33416-4605

Prober & Raphael, A Law Corporation
Dean Prober, Esquire, #106207
Lee S. Raphael, Esquire, #180030
Cassandra J. Richey, Esquire #155721
Melissa A. Vermillion, Esquire #241354
Joseph Garibyan, Esquire #271833
Bonni S. Mantovani, Esquire #106353
Anna Landa, Esquire #276607
Halie L. Landa, Esquire #265111
P.O. Box 4365
Woodland Hills, CA 91365-4365
(818) 227-0100
(818) 227-0637 (facsimile)
cmartin@pralc.com
B.148-116
Attorneys for Objecting Secured Creditor
The Bank of New York Mellon fka the Bank of New York, as Trustee for the Certificateholders
of the CWALT, Inc. Alternative Loan Trust 2006-OA12 Mortgage Pass-Through Certificates,
Series 2006-OA12

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| In re | ) Bk. No. 13-56315 |
| | ) |
| CAMILO C. CALINAWAN AKA MEL | ) Chapter 11 |
| CALINAWAN DBA CALI-ALLEN | ) |
| PROPERTIES, and ELSIDA L. CALINAWAN | ) |
| AKA ELSIE CALINAWAN | ) |
| | ) |
| Debtors. | ) |
| | ) |
| | ) |
| ——————————————————————— | ) |

JOINT STIPULATION RE: TREATMENT OF THE BANK OF NEW YORK MELLON FKA
THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE
CWALT INC. ALTERNATIVE LOAN TRUST 2006-OA12 MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-OA12 UNDER
DEBTOR'S PROPOSED CHAPTER 11 PLAN

This Stipulation is entered into by and between The Bank of New York Mellon fka The

Bank of New York, as Trustee for the Certificateholders of the CWALT Inc. Alternative Loan

1

Trust 2006-OA12 Mortgage Pass-Through Certificates, Series 2006-OA12, its assignees and/or successors in interest, ("Secured Creditor"), by and through its attorneys of record on the one hand, and Debtors, Camilo C. Calinawan and Elsida L. Calinawan (hereinafter "Debtors"), by and through their attorneys of record on the other hand (collectively the "Parties").

## RECITALS

Debtors filed their Voluntary Chapter 11 Petition in Bankruptcy with this Court on or about December 9, 2013.

Secured Creditor filed a secured proof of claim in the sum of $139,082.84 regarding the Property located at 18 Lunsford Drive, Salinas, CA 93906 (hereinafter the "Subject Property"). The Subject Property is subject to a deed of trust recorded on July 17, 2006, as Instrument number 2006062591 in the Official Records of Monterey County, State of California (the "Deed of Trust").

The Debtors filed a Combined Plan of Reorganization and Disclosure Statement dated October 9, 2014. The Disclosure Statement was approved on October 29, 2014.

Secured Creditor is treated in Class 1 of the Combined Plan of Reorganization and Disclosure Statement dated October 9, 2014.

The Confirmation hearing is set for hearing December 4, 2014.

## THE PARTIES HEREBY STIPULATE AS FOLLOWS:

1.    In addition to the ongoing payments and arrearage payments as outlined in the Class 1 of the Combined Plan of Reorganization and Disclosure Statement dated October 9, 2014, the Debtors shall be responsible to fund an escrow account each month to pay ongoing taxes and insurance on the Subject Property. The amount required shall fluctuate from time to time based on fluctuations in taxes and insurance.

2

2.    Failure to timely pay the escrowed amounts set forth above shall constitute a default under the Combined Plan of Reorganization and Disclosure Statement dated October 9, 2014.

3.    The terms of this Stipulation may not be modified, altered, or changed by the Combined Plan of Reorganization and Disclosure Statement dated October 9, 2014, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan and confirmation order thereon without the express written consent of the Secured Creditor. The terms of this Stipulation shall be incorporated into the Combined Plan of Reorganization and Disclosure Statement dated October 9, 2014 and/or any subsequently filed Amended Chapter 11 Plan or attached to the Order Confirming Plan.

4.    This Stipulation shall be subject to Bankruptcy Court approval.

5.    Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Creditor's Secured Claim.

6.    In exchange for the foregoing, Secured Creditor agrees to vote in favor of the Debtors' Plan regarding its secured and unsecured treatment as set forth above.

Dated: December 4, 2014          Prober & Raphael, A Law Corporation

                                 By_/s/ Melissa A. Vermillion
                                     Melissa A. Vermillion, Esquire #241354
                                 Attorney for Secured Creditor
                                 B.148-116

Dated: Dec. 5, 2014              _/s/ Lars T. Fuller_____
                                 Lars T. Fuller
                                 Attorney for Debtors

3

# SPECIAL NOTICE

## THE FOLLOWING NOTICE IS GIVEN TO YOU IN THE EVENT THAT THE FEDERAL FAIR DEBT COLLECTIONS ACT APPLIES TO THIS COMMUNICATION.

The following statement provides you with notice of certain rights which you may have by law. Nothing in this statement modifies or changes the hearing date or response time specified in the attached documents or your need to take legal action to protect your rights in this matter. No provision of the following statement modifies or removes your need to comply with local rules concerning the attached documents.

## CONSUMER DISCLOSURE

This communication is made in an attempt to collect on a debt or judgment and any information obtained will be used for that purpose. Please be advised that if you notify Prober and Raphael, ALC within 30 days that all or a part of your obligation or judgment is disputed, then Prober and Raphael, ALC will mail you a written verification of the obligations or judgment and the amounts owed to The Bank of New York Mellon fka the Bank of New York, as Trustee for the Certificateholders of the CWALT, Inc. Alternative Loan Trust 2006-OA12 Mortgage Pass-Through Certificates, Series 2006-OA12. In addition and upon your request within 30 days, you will be provided with the name and address of the original creditor, if different from the current creditor.

4

Mark D. Estle, SBN 135004
Buckley Madole, P.C.
12526 High Bluff Drive, Suite 238
San Diego, CA 92130
Telephone: 858-720-0890
Fax: 858-720-0092
Mark.Estle@BuckleyMadole.com

Attorney for Secured Creditor

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>Camilo C. Calinawan and Elsida L. Calinawan,<br><br><br><br><br><br><br><br><br><br><br><br><br><br>Debtors. | Case No. 13-56315<br><br>Chapter 11<br><br>**STIPULATION RE: CHAPTER 11 PLAN TREATMENT**<br><br>Re: 104 E Bernal Drive, Salinas, CA 93906<br><br><u>Confirmation Hearing</u>:<br>Date:   12/4/2014<br>Time:  1:30 p.m.<br>Place:  Courtroom 3099<br>            280 South First Street<br>            San Jose, CA 95113-3099 |

**TO THE HONORABLE STEPHEN L. JOHNSON, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTORS, DEBTORS' COUNSEL, THE U.S. TRUSTEE, AND OTHER INTERESTED PARTIES:**

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC. ALTERNATIVE LOAN TRUST 2006-OA18, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OA18 ("Secured Creditor"), as serviced by Bayview Loan Servicing, LLC ("Bayview"), and Debtors Camilo C. Calinawan and Elsida L. Calinawan ("Debtors"),  by and through their attorneys of record, have conferred and hereby stipulate as follows:

**IT IS HEREBY STIPULATED:**

1.   This matter affects Secured Creditor's Proof of Claim 18-1 pertaining the real property commonly known as 104 E Bernal Drive, Salinas, CA 93906 (the "Property"), in the amount of $248,603.91 (the "Secured Claim"), with pre-petition arrears in the amount of $3,355.45.

2.   The Secured Claim shall be paid pursuant to the subject loan documents including the loan modification agreement date January 2, 2013 at a contractually fixed rate of interest at 3.625%. Debtors will commence monthly payments to Secured Creditor on January 1, 2015, in the amount of $1,314.71, which consists of Principal and Interest only, and thereafter on the first of each month in accordance with the terms thereunder until which time the Secured Claim has been paid in full.

3.   In addition to the principal and interest payments described in paragraph 2 of this Stipulation, Debtors shall concurrently tender to Secured Creditor an additional monthly payment for Escrow in an initial amount of $262.37. The exact amount of the escrow portion of the payment going forward will be dependent upon future escrow analyses to be done on the account in accordance with the terms of the Note and Deed of Trust. However, if Secured Creditor so elects, Debtors shall be directly responsible for payment of the property taxes and/or hazard insurance.

4.   In addition to the regular payments described in paragraphs 2 and 3 of this Stipulation, Debtors shall tender to Secured Creditor a payment in the amount of $24,334.82, which amount includes $18,924.96 for the January 2014 through December 2014 monthly payments and $5,409.86 for the post-petition escrow shortage, on or before the Effective Date as defined in Debtors' Combined Plan of Reorganization and Disclosure Statement Dated October 9, 2014 (the "Plan").

5.   Pursuant to Secured Creditor's Proof of Claim, the current pre-petition arrears total $3,355.45 (the "Arrears"). The Arrears shall be payable at a 2.0% fixed interest rate. Debtors will commence monthly payments to Secured Creditor on January 1, 2015, in the amount of $58.81, and thereafter on the first of each month for a period of sixty (60) months.

6.   Except as otherwise expressly provided herein, all remaining terms of the subject Note and Deed of Trust shall govern the treatment of Secured Creditor's Secured Claim.

7.   If Debtors fail to make any payment required under this Stipulation, or to perform any other

obligation required under the Plan for more than 10 days after the time specified, Secured Creditor may serve upon Debtors and Debtors' Counsel a written notice of default. The Debtors are in Material Default if they fail within 30 days of the service of such notice of default either: (i) to cure the default or (ii) to obtain from the Court an extension of time to cure the default or a determination that no default occurred.

8. In the event Debtors are in Material Default under the Plan then Secured Creditor (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies to enforce and collect Debtors' pre-confirmation obligations.

9. The acceptance by Secured Creditor of a late or partial payment shall not act as a waiver of Secured Creditor's right to proceed hereunder.

10. At the request of Secured Creditor, the Debtors shall execute such documents and instruments as are necessary to reflect the Debtors are the borrowers of the Secured Claim, and to modify the terms of the obligation to conform with the provisions of this Stipulation.

11. The terms of this Stipulation may not be modified, altered, or changed by the Debtors' Chapter 11 Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan and confirmation order thereon without Secured Creditor's express written consent. The terms of this stipulation shall be incorporated into the Debtors' Chapter 11 Plan and/or any subsequently filed Amended Chapter 11 Plan. In the event of a conflict between a provision of this Stipulation and any provision of Debtors' Chapter 11 Plan or any amendments of modifications thereto, the terms of this Stipulation shall control.

**APPROVED AS TO FORM AND CONTENT:**

Dated: 12/04/2014                                Dated: 12/04/2014


__ /s/ Lars Fuller _____            __ /s/ Mark D. Estle _____
Lars Fuller, Esq.                                Mark D. Estle, Esq.
Attorney for Debtors                             Attorney for Secured Creditor

1  Prober & Raphael, A Law Corporation
   Dean Prober, Esquire, #106207
2  Lee S. Raphael, Esquire, #180030
   Cassandra J. Richey, Esquire #155721
3  Melissa A. Vermillion, Esquire #241354
   Joseph Garibyan, Esquire #271833
4  Bonni S. Mantovani, Esquire #106353
   Anna Landa, Esquire #276607
5  Halie L. Leonard, Esquire #265111
   P.O. Box 4365
6  Woodland Hills, CA 91365-4365
7  (818) 227-0100
   (818) 227-0101 facsimile
8  cmartin@pralc.com
   Attorneys for Movant
9  OneWest Bank N.A. fka OneWest Bank, FSB
   O.027-075
10

11              UNITED STATES BANKRUPTCY COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13                   SAN JOSE  DIVISION

14

15  In Re                          Bk. No. 13-56315-SLJ

16  Camilo C. Calinawan aka Mel Calinawan    R.S. No. LSR –  668
    dba Cali-Allen Properties
17  and Elsida L. Calinawan          CHAPTER 11
    aka Elsie Calinawan,
18
                                    **STIPULATION RESOLVING**
19            Debtors.              **CHAPTER 11 PLAN TREATMENT AND**
                                    **FOR ADEQUATE PROTECTION**
20
                                    Hearing on Plan Confirmation-
21                                  Date :  12/04/2014
                                    Time:  1:30 p.m.
22                                  Place   U.S. Bankruptcy Court
                                          280 South First Street
23                                        San Jose, California
                                          Courtroom 3099
24

25  _____/

26

27         IT  IS  HEREBY  STIPULATED  by  and  between  Movant,  OneWest  Bank  N.A.  fka

28
                                    1

OneWest Bank, FSB, its assignees and/or successors in interest, ("Movant" hereinafter), through its counsel, Cassandra J. Richey, Esq., of Prober & Raphael, and Debtors Camilo C. Calinawan aka Mel Calinawan, dba Cali-Allen Properties, and Elsida L. Calinawan aka Elsie Calinawan, through their counsel, Lars T. Fuller, Esq., as follows:

1.      That Movant acknowledges receipt of three (3) payments of $5,901.00, representing post-petition payments from February 2014, April 2014 and June 2014.

2.      The pre and post-petition delinquency of $86,108.14, which includes $853.94 in late charges, plus $1,026.00 in attorneys' fees and costs for the filing of the Motion for Relief, for a total of $87,134.14 shall be paid over sixty (60) months upon Chapter 11 Plan confirmation. These payments shall be in addition to the ongoing monthly mortgage payment, which will be due commencing with the December 15, 2014 monthly payments.

3.      Debtors shall maintain the regular monthly payments on Movant's loan obligation, encumbering the subject Property, generally described as **21449 Riverview Ct, Salinas, CA 93908**, in a timely fashion, commencing with the December 1, 2014 payment in the amount of $5,901.14.  Payments on Movant's loan obligation shall be made to Movant OneWest Bank, FSB, Cashiering Department, 6900 Beatrice Drive, Kalamazoo, Michigan 49009.

4.      Debtors shall pay off arrearages in the total amount of $87,134.14, representing pre-and post-arrears, as described above.  Said arrearages shall be paid in monthly installments of $1452.23 each, commencing thirty (30) days after the entry of the Order Confirming Plan and continuing for fifty-nine (59) months on the first day of each month for fifty-nine (59) months, with the balance of $1452.57 due on the first day of the sixtieth (60th) month post-confirmation.

5.      Debtors shall provide Movant with proof of insurance and maintain insurance on the subject property, with a minimum term of one (1) year, naming Movant as loss payee.

6.      Debtors shall provide Movant with proof of payment of real property taxes as required.

7.      In the event of a default of any provisions as set forth hereinabove, after a thirty-day notice of default mailed to Debtors and faxed (or e-mailed) *and* mailed to Debtors' counsel,

2

file and serve a Declaration Re Non-Compliance and an Order Terminating the Automatic Stay. Upon the entry of such Order, the Automatic Stay with respect to subject Property shall lift immediately.

8. In the event the instant bankruptcy proceeding is dismissed or discharged, this Order shall be terminated and have no further force or effect.

9. Should Movant obtain relief from the Automatic Stay due to a breach of the terms of this Order, any final Order for Relief from the Automatic Stay shall provide for the 14-day Stay described by Bankruptcy Rule 4001(a)(3) to be waived.

10. Any funds received by Movant, which are subsequently returned for non-sufficient funds, including funds received and applied prior to the terms of this Order, shall be subject to the default provisions contained herein.

11. The terms and conditions of this Stipulation may not be modified, altered or changed in any Chapter 11 Plan of Reorganization without the express written consent of Movant.

12. In the event of an approved Loan Modification, said modification terms shall supersede this Stipulated Order for Adequate Protection.

13. The Stipulation herein is incorporated by reference into the pending Chapter 11 Plan by agreement of the parties.

14. Upon the filing with the Court of the Stipulation Resolving Plan Treatment and for Adequate Protection, Movant's Ballot is changed to Acceptance of the Plan and its Limited Objections to Debtors' Proposed Combined Plan of Reorganization and Disclosure Statement is withdrawn.

Approved as to form and content:

Dated: December 3, 2014      PROBER & RAPHAEL, A LAW CORPORATION

By /s/ Cassandra J. Richey
CASSANDRA J. RICHEY, ESQ., SBN 155721
Attorneys for Movant

3

file and serve a Declaration Re Non-Compliance and an Order Terminating the Automatic Stay. Upon the entry of such Order, the Automatic Stay with respect to subject Property shall lift immediately.

8.    In the event the instant bankruptcy proceeding is dismissed or discharged, this Order shall be terminated and have no further force or effect.

9.    Should Movant obtain relief from the Automatic Stay due to a breach of the terms of this Order, any final Order for Relief from the Automatic Stay shall provide for the 14-day Stay described by Bankruptcy Rule 4001(a)(3) to be waived.

10.   Any funds received by Movant, which are subsequently returned for non-sufficient funds, including funds received and applied prior to the terms of this Order, shall be subject to the default provisions contained herein.

11.   The terms and conditions of this Stipulation may not be modified, altered or changed in any Chapter 11 Plan of Reorganization without the express written consent of Movant.

12.   In the event of an approved Loan Modification, said modification terms shall supersede this Stipulated Order for Adequate Protection.

13.   The Stipulation herein is incorporated by reference into the pending Chapter 11 Plan by agreement of the parties.

14.   Upon the filing with the Court of the Stipulation Resolving Plan Treatment and for Adequate Protection, Movant's Ballot is changed to Acceptance of the Plan and its Limited Objections to Debtors' Proposed Combined Plan of Reorganization and Disclosure Statement is withdrawn.

Approved as to form and content:

Dated: December 3, 2014                    PROBER & RAPHAEL, A LAW CORPORATION

                                           By /s/ Cassandra J. Richey
                                              CASSANDRA J. RICHEY, ESQ., SBN 155721
                                              Attorneys for Movant

3

1
2 Dated: 12-4-14

3
4

THE FULLER LAW FIRM, P.C.

By_____
    LARS T. FULLER, ESQ., SBN 141270
    Attorney for Debtor

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

Mark D. Estle, SBN 135004
Buckley Madole, P.C.
12526 High Bluff Drive, Suite 238
San Diego, CA 92130
Telephone: 858-720-0890
Fax: 858-720-0092
Mark.Estle@BuckleyMadole.com

Attorney for Secured Creditor

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>Camilo C. Calinawan and Elsida L. Calinawan,<br><br><br><br><br><br><br><br><br>Debtors. | Case No. 13-56315<br><br>Chapter 11<br><br>**STIPULATION RE: CHAPTER 11 PLAN TREATMENT**<br><br>Re: 644 Towt St, Salinas, California 93905<br><br><u>Confirmation Hearing</u>:<br>Date:   12/4/2014<br>Time:   1:30 p.m.<br>Place:  Courtroom 3099<br>         280 South First Street<br>         San Jose, CA 95113-3099 |

**TO THE HONORABLE STEPHEN L. JOHNSON, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTORS, DEBTORS' COUNSEL, THE U.S. TRUSTEE, AND OTHER INTERESTED PARTIES:**

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT INC. ALTERNATIVE LOAN TRUST 2006-OA12 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OA12 ("Secured Creditor"), as serviced by Bayview Loan Servicing, LLC ("Bayview"), and Debtors Camilo C. Calinawan and Elsida L. Calinawan ("Debtors"),  by and through their attorneys of record, have conferred and hereby stipulate as follows:

**IT IS HEREBY STIPULATED:**

1. This matter affects Secured Creditor's Proof of Claim pertaining the real property commonly known as 644 Towt St, Salinas, California 93905 (the "Property"), in the amount of $531,918.75, with pre-petition arrears in the amount of $49,011.80.

2. The parties hereto agree that pursuant to its election under 11 U.S.C. §1111(b), Secured Creditor shall have a fully secured claim against the Property in the amount of $531,918.75 (the "Secured Claim").

3. Pursuant to the terms of the Debtors' Combined Plan of Reorganization and Disclosure Statement Dated October 9, 2014 (the "Plan"), the monthly payment on the Secured Claim shall be $1,477.55. Debtors shall tender monthly payments to Secured Creditor commencing on January 1, 2015 and continuing thereafter on the first of each month in accordance with the terms herein until which time the Secured Claim has been paid in full.

4. In addition to the principal and interest payments described in paragraph 3 of this Stipulation, Debtors shall concurrently tender to Secured Creditor an additional monthly payment for Escrow. The exact amount of the escrow portion of the payment will be dependent upon future escrow analyses to be done on the account in accordance with the terms of the Note and Deed of Trust. However, if Secured Creditor so elects, Debtors shall be directly responsible for payment of the property taxes and/or hazard insurance.

5. In addition to the regular payments described in paragraphs 3 and 4 of this Stipulation, Debtors shall tender to Secured Creditor a payment in the amount of $4,398.10 on or before the Effective Date as defined in Plan, for repayment of post-petition escrow amounts advanced by Secured Creditor.

6. Except as otherwise expressly provided herein, all remaining terms of the subject Note and Deed of Trust shall govern the treatment of Secured Creditor's Secured Claim.

7. If Debtors fail to make any payment required under this Stipulation, or to perform any other obligation required under the Plan for more than 10 days after the time specified, Secured Creditor may serve upon Debtors and Debtors' Counsel a written notice of default. The Debtors are in Material Default if they fail within 30 days of the service of such notice of default either: (i) to cure the default or (ii) to obtain from the Court an extension of time to cure the default or a determination that no default occurred.

8.  In the event Debtors are in Material Default under the Plan then Secured Creditor (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies to enforce and collect Debtors' pre-confirmation obligations.

9.  The acceptance by Secured Creditor of a late or partial payment shall not act as a waiver of Secured Creditor's right to proceed hereunder.

10. At the request of Secured Creditor, the Debtors shall execute such documents and instruments as are necessary to reflect the Debtors are the borrowers of the Secured Claim, and to modify the terms of the obligation to conform with the provisions of this Stipulation.

11. The terms of this Stipulation may not be modified, altered, or changed by the Debtors' Chapter 11 Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan and confirmation order thereon without Secured Creditor's express written consent.  The terms of this stipulation shall be incorporated into the Debtors' Chapter 11 Plan and/or any subsequently filed Amended Chapter 11 Plan.  In the event of a conflict between a provision of this Stipulation and any provision of Debtors' Chapter 11 Plan or any amendments of modifications thereto, the terms of this Stipulation shall control.

**APPROVED AS TO FORM AND CONTENT:**

Dated:                                          Dated:


  /s/ Lars Fuller                                 /s/ Mark D. Estle
Lars Fuller, Esq.                               Mark D. Estle, Esq.
Attorney for Debtors                            Attorney for Secured Creditor

1 Mark D. Estle, SBN 135004
Buckley Madole, P.C.
2 12526 High Bluff Drive, Suite 238
San Diego, CA 92130
3 Telephone: 858-720-0890
4 Fax: 858-720-0092
Mark.Estle@BuckleyMadole.com
5
6 Attorney for Secured Creditor
7
8 **UNITED STATES BANKRUPTCY COURT**
9 **FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| In re: | Case No. 13-56315 |
|---|---|
| Camilo C. Calinawan and Elsida L. Calinawan, | Chapter 11 |
| | **STIPULATION RE: CHAPTER 11 PLAN TREATMENT** |
| | Re: 1146 E. Laurel Drive, Salinas, CA 93905 |
| | <u>Confirmation Hearing</u>: <br> Date: 12/4/2014 <br> Time: 1:30 p.m. <br> Place: Courtroom 3099 <br> 280 South First Street <br> San Jose, CA 95113-3099 |
| Debtors. | |

**TO THE HONORABLE STEPHEN L. JOHNSON, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTORS, DEBTORS' COUNSEL, THE U.S. TRUSTEE, AND OTHER INTERESTED PARTIES:**

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC. ALTERNATIVE LOAN TRUST 2006-OA18, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OA18 ("Secured Creditor"), as serviced by Bayview Loan Servicing, LLC ("Bayview"), and Debtors Camilo C. Calinawan and Elsida L. Calinawan ("Debtors"), by and through their attorneys of record, have conferred and hereby stipulate as follows:

**IT IS HEREBY STIPULATED:**

1. This matter affects Secured Creditor's Proof of Claim pertaining the real property commonly known as 1146 E. Laurel Drive, Salinas, CA 93905 (the "Property"), in the amount of $640,036.77, with pre-petition arrears in the amount of $49,636.04.

2. The parties hereto agree that pursuant to its election under 11 U.S.C. §1111(b), Secured Creditor shall have a fully secured claim against the Property in the amount of $640,036.77 (the "Secured Claim").

3. Pursuant to the terms of the Debtors' Combined Plan of Reorganization and Disclosure Statement Dated October 9, 2014 (the "Plan"), the monthly payment on the Secured Claim shall be $1,931.46. Debtors shall tender monthly payments to Secured Creditor commencing on January 1, 2015 and continuing thereafter on the first of each month in accordance with the terms herein until which time the Secured Claim has been paid in full.

4. In addition to the payments described in paragraph 3 of this Stipulation, Debtors shall concurrently tender to Secured Creditor an additional monthly payment for Escrow. The exact amount of the escrow portion of the payment will be dependent upon future escrow analyses to be done on the account in accordance with the terms of the Note and Deed of Trust. However, if Secured Creditor so elects, Debtors shall be directly responsible for payment of the property taxes and/or hazard insurance.

5. In addition to the regular payments described in paragraphs 3 and 4 of this Stipulation, Debtors shall tender to Secured Creditor a payment in the amount of $5,408.43 on or before the Effective Date as defined in Plan, for repayment of post-petition escrow amounts advanced by Secured Creditor.

6. Except as otherwise expressly provided herein, all remaining terms of the subject Note and Deed of Trust shall govern the treatment of Secured Creditor's Secured Claim.

7. If Debtors fail to make any payment required under this Stipulation, or to perform any other obligation required under the Plan for more than 10 days after the time specified, Secured Creditor may serve upon Debtors and Debtors' Counsel a written notice of default. The Debtors are in Material Default if they fail within 30 days of the service of such notice of default either: (i) to cure the default or (ii) to obtain from the Court an extension of time to cure the default or a determination that no default occurred.

8. In the event Debtors are in Material Default under the Plan then Secured Creditor (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies to enforce and collect Debtors' pre-confirmation obligations.

9. The acceptance by Secured Creditor of a late or partial payment shall not act as a waiver of Secured Creditor's right to proceed hereunder.

10. At the request of Secured Creditor, the Debtors shall execute such documents and instruments as are necessary to reflect the Debtors are the borrowers of the Secured Claim, and to modify the terms of the obligation to conform with the provisions of this Stipulation.

11. The terms of this Stipulation may not be modified, altered, or changed by the Debtors' Chapter 11 Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan and confirmation order thereon without Secured Creditor's express written consent. The terms of this stipulation shall be incorporated into the Debtors' Chapter 11 Plan and/or any subsequently filed Amended Chapter 11 Plan. In the event of a conflict between a provision of this Stipulation and any provision of Debtors' Chapter 11 Plan or any amendments of modifications thereto, the terms of this Stipulation shall control.

**APPROVED AS TO FORM AND CONTENT:**

Dated: 12/04/2014                                    Dated: 12/04/2014


 /s/ Lars Fuller_____                _/s/ Mark D. Estle_____
Lars Fuller, Esq.                                    Mark D. Estle, Esq.
Attorney for Debtors                                 Attorney for Secured Creditor